[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 3, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13734
Non-Argument Calendar

_____

D. C. Docket No. 06-14013-CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC ANTHONY REESE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 3, 2008)**

Before CARNES, BARKETT and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Cedric Anthony Reese appeals his convictions and

144-month sentence for: (1) possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1); and (2) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Reese argues that the district court abused its discretion by not allowing him to withdraw his guilty plea. After review, we affirm Reese's convictions and dismiss his appeal of his sentence based on the appeal waiver in his plea agreement.

## I.    Background

In April 2006, Reese was arrested after the execution of a search warrant at his residence. The search revealed, inter alia, ammunition, eleven grams of crack cocaine, an assortment of items associated with the distribution of cocaine, and, on the back porch, a locked toolbox that contained eight firearms. Reese claimed ownership of the toolbox and the firearms.

After indictment, Reese signed a written plea agreement, pleading guilty to Count 1—possession with intent to distribute five grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)—and Count 2—possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The government agreed to dismiss Count 3—possession of an unregistered firearm (a sawed-off shotgun), in violation of 26 U.S.C. §§ 5841, 5861(d), and 5871.

The plea agreement also contained a sentence appeal waiver provision that

precluded Reese from appealing his sentence unless: (1) it exceeded the maximum permitted by statute; (2) it was the result of an upward departure from the advisory guidelines sentencing range that the district court established at sentencing; or (3) the government appealed the sentence.

At Reese's change-of-plea hearing on June 15, 2006, Reese testified that his lawyer, Lori Barrist, had "done everything she could" to defend him in the case; that there was nothing else she should have done to defend him; and that he was satisfied he had received competent representation from Barrist. Reese further stated that he understood the plea agreement; that no one had threatened or forced him to plead guilty; that he had fully discussed the plea agreement with his attorney; and that he had freely and voluntarily signed the agreement.

At the same hearing, Reese also acknowledged that he understood that as part of the plea agreement, he was giving up his right to appeal his sentence unless the sentence was above the advisory guidelines range, exceeded the maximum sentence permitted by law, or was appealed by the government. Reese stated that he was freely and voluntarily giving up his right to appeal his sentence and that he had not been forced or threatened into doing so. The district court scheduled Reese's sentencing hearing for September 15, 2006.

The Presentence Investigation Report ("PSI") set Reese's base offense level

at 22, pursuant to U.S.S.G. § 2K2.1(a)(3). Reese's offense level was then

increased (1) by four levels, pursuant to U.S.S.G. § 2K2.1(b)(1)(B), because his

offense involved more than seven firearms, and (2) by four more levels, pursuant

to U.S.S.G. § 2K2.1(b)(5),[1] because he used or possessed a firearm with

knowledge that it would be used in connection with another felony offense. The

PSI recommended a three-level reduction for acceptance of responsibility. The

resulting offense level was 27, and with a criminal history category of IV, Reese's

advisory guidelines range was 100 to 125 months' imprisonment.

On September 11, 2006, prior to the scheduled September 15 sentencing

hearing, Barrist moved to withdraw as Reese's counsel, stating that irreconcilable

differences had arisen between her and Reese regarding the management of his

case. Barrist noted that on September 8, 2006, Reese told her that he wished to

withdraw his guilty plea and claimed that the only reason he had pled guilty was

because Barrist "insisted" that he do so. The district court granted Barrist's

motion, appointed new counsel, and postponed Reese's sentencing hearing until

March 2007.

On March 1, 2007, Reese moved to withdraw his guilty plea. At an April

---

[1]U.S.S.G. § 2K2.1(b)(5) is the applicable guideline provision because the parties agree that the November 2005 version of the Sentencing Guidelines applies to Reese. The guideline in question now appears at U.S.S.G. § 2K2.1(b)(6); we refer to it as § 2K2.1(b)(5) for simplicity.

2007 evidentiary hearing, the district court heard testimony from both Reese and his prior attorney, Barrist. Reese testified that prior to pleading guilty and just after his initial appearance, he provided the name of an exculpatory witness to Barrist, but she did nothing with the information. Reese also testified that after he had signed the plea agreement, but before his June 2006 change-of-plea hearing, he told Barrist that he did not want to plead guilty and she refused to help him. According to Reese, he only signed the plea agreement because Barrist kept telling him that he needed to plead guilty, and it remained his desire to proceed to trial.

In contrast, Barrist testified that Reese told her that he wanted to plead guilty, and so Barrist contacted the prosecutor, who then sent a proffer letter. Barrist took the proffer letter to Reese, and Reese signed it on May 9, 2006. Reese called her later that day to tell her that he no longer wished to cooperate with the government, but Reese did not say that he did not want to plead guilty. Barrist explained that after Reese told her that he did not want to cooperate with the government, she wrote him a letter explaining the pros and cons of pleading guilty. In the letter, Barrist advised Reese that pleading guilty and cooperating was Reese's best option, so as to possibly have his sentence lowered. Barrist then met with Reese on May 22, 2006, at which time Reese told her that he was going to plead guilty, and she went over the sentencing guidelines with him. Reese signed

5

the plea agreement on May 26, 2006. Barrist met with Reese again on June 8, 2006 (a week before the change-of-plea hearing) to review the plea and the procedures for the change-of-plea hearing. According to Barrist, she went over each line of the plea agreement with Reese; Reese acknowledged that he understood the terms of the agreement; and Reese never stated that he did not want to sign the agreement or that he felt pressured to sign.

The district court denied Reese's motion to withdraw his guilty plea, concluding that he fell "woefully short" of meeting his burden. Among other things, the district court: (1) accepted as true Barrist's testimony that it was not until shortly before Reese's scheduled sentencing that he claimed that she forced him to plead guilty and that he wanted to withdraw his guilty plea; and (2) found that Reese "simply changed his mind about his prior uncoerced decision to plead guilty and concocted a false story to attempt to [undo] what he later determined to be a poor decision."

At sentencing, the district court granted the government's motion for: (1) a two-level increase in Reese's offense level, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice based on Reese's false testimony at the April 2007 evidentiary hearing; and (2) a denial of the previously-recommended three-level reduction for acceptance of responsibility. The district court also overruled

Reese's objection to the four-level enhancement based on U.S.S.G. § 2K2.1(b)(5) (the more-than-seven-firearms enhancement). This left Reese with an adjusted offense level of 32 and an advisory guidelines range of 168 to 210 months' imprisonment. The district court ultimately imposed a sentence of 144 months' imprisonment, noting that the advisory guidelines range was so high because of Reese's own "foolish conduct." Reese timely appealed.

## II. Withdrawal of guilty plea

After the district court has accepted a plea and before sentencing, a defendant may withdraw a guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether a defendant has established a "fair and just reason," courts are to consider the totality of the circumstances, including whether: (1) the defendant had close assistance of counsel; (2) the defendant's plea was knowing and voluntary; (3) judicial resources would be conserved; and (4) the government would be prejudiced by the withdrawal. See United States v. Freixas, 332 F.3d 1314, 1318 (11th Cir. 2003); United States v. Buckles, 843 F.2d 469, 471-72 (11th Cir. 1988). "The good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw a guilty plea] are issues for the trial court to

decide." Buckles, 843 F.2d at 472.[2]

Here, the district court did not abuse its discretion in denying Reese's motion to withdraw his guilty plea. The district court properly considered the four Buckles and Freixas factors listed above. First, close assistance of counsel was available to Reese. Barrist testified that she had been a federal assistant public defender for almost twenty-three years. Barrist negotiated a favorable plea agreement for Reese, including the government's agreement to dismiss Count 3 of the indictment. Moreover, Barrist met with Reese a number of times and advised him of his options and the pros and cons of pleading guilty. The fact that Barrist's extensive defense experience strongly suggested that Reese's best course of action was to plead guilty in an effort to reduce his sentence certainly does not mean that Barrist failed to render "close assistance" to Reese. See Buckles, 843 F.2d at 472 ("A defendant cannot complain of coercion where his attorney, employing his best professional judgment, recommends that the defendant plead guilty.").

Second, the transcript from the change-of-plea hearing (as well as the signed plea agreement and the testimony at the evidentiary hearing) makes it clear that Reese knowingly and voluntarily entered his plea. At the change-of-plea hearing,

_____

[2]We review the denial of a request to withdraw a guilty plea for abuse of discretion, and reverse only if the district court's conclusion was "arbitrary or unreasonable." Freixas, 332 F.3d at 1316, 1318.

8

Reese, a high school graduate, told the district court, under oath, that he had read and understood the plea agreement; discussed it fully with Barrist; and understood all of its terms and provisions. Reese further told the district court that he had signed the plea agreement "freely and voluntarily"; that no one had forced or threatened him in any way to sign the agreement; and that he decided to change his plea from not guilty to guilty "freely and voluntarily." Reese also told the court that Barrist had provided competent representation and that she had done everything she could to defend him. Indeed, Barrist testified at the evidentiary hearing that she went through each line of the plea agreement with Reese prior to the change-of-plea hearing.

Third, contrary to Reese's argument on appeal, the district court did consider whether judicial resources would be conserved. The district court specifically determined that "enough judicial resources [had] already been expended," noting that Reese received a complete Rule 11 proceeding and a full evidentiary hearing on the motion to withdraw. The district court further observed that Reese's own "false accusations" about Barrist resulted in the unjustified need for appointment of a second lawyer, which drained limited court funds. Notably, in Buckles, we found no abuse of discretion as to the third factor when the district court in that case found that "enough judicial resources [had] been expended" and noted that the

9

defendant Buckles had "received both a complete Rule 11 proceeding and a full evidentiary hearing on the [plea withdrawal] matter." Buckles, 843 F.2d at 474. While Reese may be correct that this is not a complex case and would not take a great deal of time and expense to try, the district court did not abuse its discretion in its evaluation of this factor.

Finally, as to the fourth factor, the district court observed that it was essentially undisputed that the government would not suffer prejudice if Reese's motion was granted, but the district court also correctly observed that prejudice to the government is only one of the factors to be considered in evaluating a motion to withdraw a guilty plea. Given that the district court properly considered the totality of the circumstances, we cannot say that the district court abused its discretion in denying Reese's motion to withdraw his guilty plea.

## III.    Sentence appeal waiver

Sentence appeal waivers are valid if they are made knowingly and voluntarily. United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). For an appeal waiver to be enforced, "[t]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the Rule 11 colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at

10

1351.[3]

Here, as required by <u>Bushert</u>, the district court specifically questioned Reese about his sentence appeal waiver at the change-of-plea hearing. Reese told the district court that he understood that he would ordinarily have the right to appeal his sentence, but he was giving up that right unless his sentence exceeded the advisory guidelines range, exceeded that permitted by law, or the government appealed the sentence. Reese also stated that he gave up his right to appeal his sentence "freely and voluntarily," and that no one had forced or threatened him in any way to give up that right. Additionally, Reese does not argue that any of the exceptions to his sentence appeal waiver apply.[4] Thus, under <u>Bushert</u>, Reese's sentence appeal waiver was made knowingly and voluntarily, and we dismiss his appeal of his sentence.

## IV.    Conclusion

For the foregoing reasons, we affirm Reese's convictions and dismiss his

---

[3]We review the validity of a sentence appeal waiver <u>de novo</u>. <u>See</u> <u>United States v. Benitez-Zapata</u>, 131 F.3d 1444, 1446 (11th Cir. 1997).

[4]As to his sentence, Reese contends that the district court erred in: (1) increasing his offense level four levels, pursuant to U.S.S.G. § 2K2.1(b)(5), because the guns were not possessed in connection with the drug offense; (2) increasing his offense level two levels, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice based on his false testimony at the evidentiary hearing; and (3) refusing to award him a three-level reduction for acceptance of responsibility. Reese makes no claim that his sentence exceeds the advisory guidelines range, that his sentence exceeds the duration permitted by law, or that the government appealed his sentence, and none of the exceptions to the sentence appeal waiver are implicated in this case.

appeal of his sentence.

**AFFIRMED IN PART; DISMISSED IN PART.**