[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2008
THOMAS K. KAHN
CLERK

No. 07-14626
Non-Argument Calendar

_____

D. C. Docket No. 06-00049-CR-OC-10-GRJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN DANDRIDGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 13, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Brian Dandridge ("Dandridge") appeals his conviction and 60-month

sentence for conspiracy to distribute and to possess with intent to distribute 500

grams or more of cocaine, in violation of 21 U.S.C. § 846. On appeal, Dandridge argues that the district court erred in regard to three issues. First, Dandridge argues that the district court erred at sentencing by denying his request for a minimal role reduction, failing to rectify a sentencing disparity among codefendants, and failing to consider fully the 18 U.S.C. § 3553(a) factors. Second, Dandridge contends that the district court abused its discretion by denying his motion to withdraw his guilty plea. Finally, Dandridge argues that the district court erred by denying his motion to compel the government to file a U.S. Sentencing Guidelines Manual § 5K1.1 substantial assistance motion for sentence reduction. For the foregoing reasons, we affirm the judgment of the district court.

I. FACTS

Brian Dandridge was indicted in August 2006 for his role in facilitating a drug sale between his brother, Gerald Dandridge ("Gerald"), and an acquaintance, Noah Shackelford ("Shackleford"). The Drug Enforcement Administration ("DEA") had tapped Gerald's phone, which allowed DEA agents to know the time and place where the sale would be completed. Gerald and Shackleford were arrested after the deal was completed; Dandridge was not present at the sale and was arrested later for his participation as broker.

Dandridge was in a position to provide the government with information

regarding other drug trafficking in the area. The government negotiated a plea agreement with Dandridge, under the terms of which the government would consider filing a § 5K1.1 motion for a sentence reduction. Dandridge accepted the plea agreement. He was facing a five-year mandatory minimum sentence, which could be reduced by the government's § 5K1.1 motion. However, the government ultimately chose not to file a § 5K1.1 motion. Dandridge filed motions to withdraw his guilty plea and compel the government to file a § 5K1.1 motion, both of which the district court denied. Dandridge now appeals.

## II. DISCUSSION

### A. Appeal Waiver and Sentence

Dandridge's plea agreement includes a waiver of his right to appeal his sentence.[1] The government argues that Dandridge's appeal should be dismissed because he waived his right to appeal. We review de novo the validity of a sentence appeal waiver. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). We will enforce an appeal waiver contained in a plea agreement where the government demonstrates either that: "(1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver."

---

[1]The appeal waiver includes four exceptions that are not relevant here.

3

United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997).

An enforceable sentence appeal waiver encompasses an appeal of the government's refusal to file a § 5K1.1 motion for sentence reduction. See id. at 1446-47. However, this Court has considered on appeal a defendant's claim that the government breached the plea agreement, even though the agreement contained a sentence appeal waiver. See United States v. Copeland, 381 F.3d 1101, 1104-05 (11th Cir. 2004).

In this case, the district court specifically questioned Dandridge about the appeal waiver during the plea colloquy. Dandridge stated that he understood the appeal waiver and its implications. Therefore, the appeal waiver is enforceable. As a result, Dandridge cannot challenge his sentence on appeal. Accordingly, we reject his argument that the district erred at sentencing by denying his request for a minimal role reduction, refusing to adjust his sentence downward in light of the disparity between his sentence and his codefendants' sentences, and declining to consider the § 3553(a) factors.

Dandridge also challenges the district court's denial of his motion to withdraw his guilty plea and motion to compel the government to file a § 5K1.1 motion. The government contends that both of these claims fall within the appeal waiver and therefore should not be considered on appeal. We need not decide if

4

the appeal waiver extends to these claims because, as the discussion below makes clear, Dandridge cannot prevail on the merits of either claim.

B.      Motion to Withdraw Guilty Plea

Dandridge argues that the district court erred in denying his motion to withdraw his guilty plea because Dandridge asserted a "fair and just reason" for requesting the withdrawal.  Dandridge's reason was the government's failure to file a § 5K1.1 motion to reduce his sentence for providing substantial assistance to the government.  Dandridge asserts that he only agreed to the plea arrangement because the government represented that his cooperation in regard to another investigation would lead to a § 5K1.1 reduction in his sentence.

We review a district court's decision to deny a motion to withdraw a guilty plea for an abuse of discretion.  United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2006).  "The district court may be reversed only if its decision is arbitrary or unreasonable."  United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).  After the district court has accepted a guilty plea but before sentencing, the defendant may withdraw the plea if he or she shows "a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  The "fair and just reason" standard should be liberally construed, but there is no absolute right to withdraw a guilty plea  before sentencing.  Buckles, 843 F.2d at 471.  To

determine whether a defendant has shown a "fair and just reason," a district court may consider the totality of the circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. at 471-72.

Dandridge had the assistance of counsel throughout the plea negotiations and court proceedings. He represented to the district court that he understood his plea, that it was voluntary, and that he had not been promised anything in addition to what was in the plea agreement. Proceeding with a trial in this case would not conserve judicial resources and is likely to prejudice the government. Therefore, we cannot find that the district court abused its discretion in denying Dandridge's motion to withdraw his guilty plea.

C.    Motion to Compel the Government to File a § 5K1.1 Motion

Dandridge argues that the district court should have reviewed for bad faith the government's decision not to file a § 5K1.1 motion, as he cooperated with the government and the government had no rational basis for its decision. However, Dandridge's plea agreement gave the government complete discretion in deciding whether to file a § 5K1.1 motion. Dandridge told the court that he understood this

6

provision of his plea agreement at the plea colloquy. In addition, "[f]ederal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive." <u>Wade v. United States</u>, 504 U.S. 181, 184-85, 112 S. Ct. 1840, 1843-44 (1992). Dandridge does not allege that the government's refusal to file a § 5K1.1 motion on his behalf was based on an unconstitutional motive. Therefore, the district court did not err in denying Dandridge's motion to compel. Accordingly, the judgment of the district court is

AFFIRMED.