[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14803
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 9, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20767-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO PENDAS-MECHADO,
a.k.a. Rogelito,
a.k.a. Rogelio,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 9, 2010)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Gerardo Pendas-Mechado ("Mechado"), who pled guilty pursuant to a written plea agreement, appeals his conviction for conspiracy to possess with intent to distribute five grams or more of cocaine base. On appeal, Pendas-Mechado argues that the district court abused its discretion by denying his motion to withdraw his guilty plea. Specifically, he argues that the district court abused its discretion because it was clear that he did not receive close assistance of counsel.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Freixas*, 332 F.3d 1314, 1316 (11th Cir. 2003). "The district court may be reversed only if its decision is arbitrary or unreasonable." *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).

Rule 11(d) of the Federal Rules of Criminal Procedure provides that a defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. Pro. 11(d)(2)(B). In determining whether a defendant has shown a "fair and just reason," the district court may consider the totality of the circumstances surrounding the plea, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to

withdraw his plea." *Buckles*, 843 F.2d at 472 (internal citations omitted). The defendant has the burden of showing a "fair and just reason" for withdrawal of his plea. *Id.* at 471. Further, the good faith, credibility and weight of a defendant's assertions are issues for the trial court to decide. *Id.* at 472.

In this case, in considering Mechado's motion to withdraw his guilty plea, we conclude from the record that the district court properly weighed the totality of the circumstances, including all of the specific *Buckles* factors. On appeal, Mechado focuses on the first *Buckles* factor–the close assistance of counsel–and asserts that the record clearly established that he did not have close assistance of counsel. He focuses on the fact that, four days before he entered his change of plea, his court-appointed counsel, Mr. Rodriguez, filed a motion to withdraw from representation but nevertheless continued to represent Mechado at his change of plea hearing. In denying his motion to withdraw his guilty plea, the district court found it "clear from the record that Mechado enjoyed the close assistance of counsel, even though from time to time the Defendant and Mr. Rodriguez may have had disagreements." This finding is supported by the record. During Mechado's initial change of plea hearing, the court specifically addressed Mechado regarding the subject of his representation and Mechado specifically stated that he had no problems with Mr. Rodriguez. Three days later, when the change of plea

3

hearing was continued, Mechado stated, under oath, that he had fully discussed the indictment and plea agreement with Mr. Rodriguez and that he was fully satisfied with Mr. Rodriguez's advice and representation of him. The district court was entitled to rely upon the veracity of these statements as "[t]here is a strong presumption that the statements made during the [plea] colloquy are true," *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994), and "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988). Because Mechado did not overcome the strong presumption of the veracity of his statements made under oath, we conclude that the district court's finding that he enjoyed close assistance of counsel was neither arbitrary nor unreasonable.

The district court's finding that Mechado's plea was knowing and voluntary is also supported by the record. During his plea colloquy, Mechado specifically stated, under oath, that he had reviewed with his attorney the elements of the offense, that the plea agreement had been translated to him from English to Spanish, that he understood each and every element of the agreement, that he agreed with the government's factual proffer, and that he understood the statutory maximum sentence. As stated, the district court was permitted to make a strong presumption of truth regarding these statements. *Medlock*, 12 F.3d at 187.

4

Accordingly, we conclude that the district court's finding that Mechado's plea was knowing and voluntary was neither arbitrary nor unreasonable.

The district court also found that allowing Mechado to withdraw his guilty plea would not conserve resources of the court or of the parties, and that the government would suffer significant prejudice if it had to go to trial because it had ceased its investigation many months prior in reliance on Mechado's guilty plea and would undergo a great burden to marshal substantial evidence to proceed to trial. Both of these findings are supported by the record and, therefore, we conclude that the district court did not abuse its discretion in so finding.

Finally, we reject Mechado's argument that the district court must conduct an evidentiary hearing before ruling on a motion to withdraw a guilty plea. This court has held that where the district court conducts an extensive Rule 11 inquiry before accepting the plea, its refusal to conduct an evidentiary hearing does not amount to an abuse of discretion. *United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir. 1986). As discussed, the district court in this case conducted an extensive Rule 11 inquiry prior to accepting Mechado's guilty plea. Therefore, its failure to hold an evidentiary hearing did not amount to an abuse of discretion.

For the above-stated reasons, we affirm Mechado's conviction.

**AFFIRMED**.