[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15782
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-21097-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRELL STEPHENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 17, 2010)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Terrell Stephens appeals his conviction and 60-month sentence for

possession with intent to distribute more than 5 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Stephens argues that the district court (1) erred in denying his motion to withdraw his guilty plea because the plea was not knowingly and voluntarily made, in that he allegedly failed to comprehend the "intent to distribute" element of the offense, and (2) imposed an unconstitutional sentence by sentencing him to a mandatory minimum of 60 months' imprisonment.

## I.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Freixas, 332 F.3d 1314, 1316 (11th Cir. 2003). Federal Rule of Criminal Procedure 11(d) allows a defendant to withdraw his guilty plea, after the court accepts the plea, if he can show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). In determining whether the defendant has shown a fair and just reason, the district court may consider the totality of the circumstances, including the following factors: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988) (internal citation omitted). The defendant has the burden to

2

establish a fair and just reason for withdrawal of his plea. Id. at 471.

Moreover, "Rule 11 imposes upon a district court the obligation and responsibility to conduct an inquiry into whether the defendant makes a knowing and voluntary guilty plea." United States v. Hernandez-Fraire, 208 F.3d 945, 949 (11th Cir. 2000). When accepting a guilty plea, a court must address three core concerns underlying Rule 11: "(1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea." United States v. Jones, 143 F.3d 1417, 1418-19 (11th Cir. 1998) (quotation omitted).

After reviewing the record, we hold that the district court did not plainly err in denying Stephens's motion to withdraw his guilty plea. The district court held a hearing to consider Stephens's motion, during which Stephens was closely counseled as the court adequately explained the elements of the offense. The term "intent to distribute" is easily understood by laymen, and Stephens repeatedly heard it when he signed the plea agreement and during the plea colloquy. Furthermore, Stephens demonstrated that he understood the charge against him by accepting responsibility and requesting a mandatory-minimum sentence. The district court properly weighed the totality of circumstances, including all of the specific Buckles and Rule 11 factors, before denying the motion.

3

II.

A sentence-appeal waiver must be entered into knowingly and voluntarily and "will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver." United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997) (emphasis in original). A sentence-appeal waiver waives the right to appeal difficult or debatable legal issues, or even blatant errors. United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). Finally, we are precluded "from reviewing an issue raised on appeal if it has been waived through the doctrine of invited error." United States v. Brannan, 562 F.3d 1300, 1306 (11th Cir. 2009) (emphasis in original). The "doctrine of invited error is implicated when a party induces or invites the district court into making an error." Id. (quotation and citation omitted).

We hold that, because Stephens's sentence-appeal waiver is valid, it prevents him from challenging his below-guideline sentence on appeal. Alternatively, we hold that Stephens is barred by the doctrine of invited error to challenge his sentence of 60 months' imprisonment because he repeatedly invited the district court below to vary downward from his applicable guideline range to impose the

4

60-month sentence.

Based on a review of the record and the parties' briefs, we affirm Stephens's conviction and sentence.

**AFFIRMED.**