[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 08, 2005
THOMAS K. KAHN
CLERK

No. 04-16527
Non-Argument Calendar
_____

D.C. Docket No. 04-00007-CR-4-SPM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LALANDA PRICE,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(July 8, 2005)**

Before ANDERSON, CARNES and HULL, Circuit Judges.

PER CURIAM:

Lalanda Denard Price Jr. pleaded guilty to one count of conspiracy to

distribute crack cocaine, in violation of 21 U.S.C. § 846, and one count of

possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii) and 18 U.S.C. § 2.  Prior to sentencing, Price filed a motion to withdraw his plea.  The district court denied the motion and sentenced Price to the statutory minimum of 20 years incarceration.  Price appeals, arguing that the district court abused its discretion when it denied his motion to withdraw his guilty plea.

"We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion."  United States v. Najjar,  283 F.3d 1306, 1307 (11th Cir. 2002).  "We will reverse a district court's decision on a motion to withdraw only if it is arbitrary or unreasonable."  Id.

A defendant may withdraw a guilty plea before a sentence is imposed if the defendant shows a "fair and just reason" for requesting the withdrawal.  Fed. R. Crim. P. 11(d)(2)(B) (2003).  A pre-sentence motion to withdraw is to be "liberally construed."  United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988).  "It is well settled, however, that there is no absolute right to withdraw a guilty plea prior to imposition of a sentence.  The decision to allow withdrawal is left to the sound discretion of the trial court."  Id.  "[T]he good faith, credibility and weight of a defendant's assertions in support of a motion [to withdraw] are issues for the trial court to decide."  Id. at 472.

2

To determine whether the defendant has given a fair and just reason for withdrawal, the district court examines the totality of the circumstances, including: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Id. (citations omitted).

Price contends that he should have been allowed to withdraw his plea because he mistakenly believed that third-party cooperation would be acceptable in obtaining a sentence reduction and because his lawyer was unaware of a material government witness (Ciji Perry) who could contradict the government's case. For the first time on appeal, Price also argues that the district court's error in denying his motion was compounded because Price had "made colorable claims of innocence during his plea hearing" and the district court never determined if Price was actually innocent or if he was entering a best interest Alford-type plea. See North Carolina v. Alford, 400 U.S. 25, 37 S. Ct. 160 (1970). These contentions fail.

Price, and possibly his counsel, mistakenly thought that the government was allowing another defendant to profit from third-party cooperation and that Price might profit from it as well. There is nothing in the plea agreement that Price

3

signed to indicate that third-party cooperation would be accepted.[1]  Instead, the agreement clearly states that the determination of whether Price would receive a substantial assistance reduction was left to the sole discretion of the government.

The discretion of the government was also made clear at the change of plea hearing.  Counsel for the government stated: "I would like to put on the record that the U.S. Attorney's office decides whether or not a substantial assistance motion is filed . . . ."  Price's counsel agreed that this was "a standard portion of the plea and cooperation agreement."  The district court then asked Price himself if this was his understanding of the agreement, and Price said it was.  Price was not entitled to withdraw his plea agreement because, several months after his plea, it appeared that the government, in its sole discretion, was not going to file a substantial assistance motion on his behalf.

Price's motion to withdraw his plea states that his counsel had just become aware of government witness Ciji Perry and that Perry disputed the government's factual proffer that she had loaned Price the car that his co-defendant was driving when the two men were arrested.  Price contends that his trial counsel's

---

[1] We recognize that  Price pleaded guilty pursuant to an oral plea agreement and that the parties memorialized their agreement immediately following the change of plea hearing.   This is unimportant.  Price does not argue that the agreement he actually signed was different from what he had anticipated signing at the time of the hearing.  In fact, both the government and defense counsel agreed at the hearing that Price would be signing a standard plea agreement, and every indication from the record is that he did so.

unawareness of witness Perry's existence means that he did not have close assistance of counsel. That is too much of a stretch.

Even assuming that counsel was unaware of this seemingly unimportant witness because he was negligent in not reviewing the government's witness list, we do not see how that single negligent act could cancel out the close assistance of counsel that he otherwise provided. Throughout the change of plea hearing, Price confirmed that he had consulted his counsel about how to proceed and that he had been "extremely" satisfied with his counsel's representation. One alleged oversight of a relatively immaterial fact is insufficient to entitle Price to withdraw his plea.

Finally, as to the new issue, Price does not argue that the district court committed plain error in accepting his plea despite his colorable claims of innocence. Instead, he argues only that these circumstances compound the error of the district court's denial of his motion to withdraw his plea. Because Price did not ask the district court to allow him to withdraw his plea on these grounds, the district court could not have abused its discretion by not doing so.

Moreover, even if Price had asked the district court to allow him to withdraw his plea on these grounds, he would not have been entitled to do so. See Buckles, 843 F.2d at 472 ("A mere declaration of innocence does not entitle a

defendant to withdraw his guilty plea."). Hence, the district court did not err in not sua sponte allowing Price to withdraw his plea in light of his colorable claims of innocence.

A review of the change of plea hearing transcript makes clear that the district court went through Price's rights with him, that Price understood those rights, that Price was satisfied with his counsel, and that—despite any factual disputes—Price persisted in pleading guilty. Price has not demonstrated that his unilateral expectation that third-party cooperation would benefit him or his alleged unawareness of government witness Perry translate into an unknowing or involuntary plea. Accepting the plea agreement may have been a bad decision under the circumstances, but it was a decision that Price knowingly and voluntarily made, after consultation with his counsel and with full understanding of the charges against him and the consequences of his plea. The district court did not abuse its discretion in declining to allow Price to withdraw that plea.

**AFFIRMED.**