[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11477
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 26, 2012
JOHN LEY
CLERK

D. C. Docket Nos. 4:06-cv-00468-SPM-AK,
4:04-cr-00007-SPM-AK-1

LALANDA PRICE,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 26, 2012)

Before EDMONDSON, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Lalanda Price, a federal prisoner, appeals the district court's denial of his counseled 28 U.S.C. § 2255 motion to vacate, which challenged his conviction and 20-year sentence for conspiracy to distribute cocaine and possession with intent to distribute cocaine. The district court granted a certificate of appealability on whether Price's counsel was ineffective for (1) failing to interview two potential witnesses before the trial date and (2) failing to understand or ask about the requirements for receiving a substantial assistance departure, pursuant to U.S.S.G. § 5K1.1, based on third-party assistance. No reversible error has been shown; we affirm.

In reviewing a district court's denial of a section 2255 motion, we review legal conclusions de novo and fact determinations for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) his counsel's performance was deficient and that (2) he suffered prejudice as a result of that deficient performance. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984). This test applies when a defendant challenges his guilty plea based on his counsel's alleged ineffective assistance.

2

Hill v. Lockhart, 106 S.Ct. 366, 370 (1985).  Under the first part of the test, the proper measure of counsel's performance is reasonableness under prevailing professional norms; and our review of counsel's performance must be highly deferential.  Strickland, 104 S.Ct. at 2065.  A "strong presumption" exists that counsel's conduct fell within the range of reasonable professional assistance.  Id.

Under the second part, prejudice requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."  Hill, 106 S.Ct. at 370.  When a defendant alleges that his counsel failed "to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant . . . will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea."  Id.  This depends "in large part on a prediction whether the evidence likely would have changed the outcome of the trial."  Id.

The evidence in this case showed that Price drove his codefendant cousin, Ronald Allen, to a meeting spot where Allen had arranged to sell cocaine to a confidential informant.  Just before the arranged sale, Price twice spoke to the informant on the phone to find out her exact location.  When they reached the meeting spot, Price got out of the car; and police arrested both him and Allen.  A

3

search of the car revealed several baggies of cocaine, one of which had Price's fingerprint on it. Post-Miranda,[1] Price told officers that he knew that Allen was going to sell cocaine, that cocaine was in the car, that selling narcotics was Allen's form of employment, and that Price expected that Allen would give him "a little spending money" as a result of the sale.

Allen pleaded guilty pursuant to a plea agreement in which he agreed to testify against Price. Although Price later maintained that he was unaware of Allen's plans to sell cocaine, he ultimately pleaded guilty. He contends that he did so because his lawyer advised him that -- in the light of the evidence against him and his prior drug convictions -- he was unlikely to be acquitted at trial, but could possibly qualify for a substantial-assistance motion if he pleaded guilty.[2]

In his section 2255 motion, Price alleged that his counsel was ineffective for failing to interview two potential exculpatory witnesses who allegedly would have refuted Allen's testimony that Price helped him buy the cocaine. He also argued that his lawyer was ineffective for advising him that he could obtain a section 5K1.1 motion for a downward sentencing departure based on the use of third-party substantial assistance. He contends that, had he known about the witnesses and

---

[1]Miranda v. Arizona, 86 S.Ct. 1602 (1966).

[2]Before his sentencing hearing, Price moved to withdraw his guilty plea. The district court denied his motion, and this Court affirmed on appeal. See United States v. Price, 139 F. App'x 253, 254 (11th Cir. 2005) (unpublished).

the government's policy on third-party assistance, he would not have pleaded guilty. After an evidentiary hearing, the magistrate judge recommended that the district court grant Price's motion to vacate, concluding that Price was prejudiced by his counsel's deficient performance. But the district court disagreed and denied Price's motion to vacate.

On appeal, Price argues that his lawyer was deficient for failing to interview Ciji Perry before Price's plea.[3] He contends that Perry's testimony would have refuted Allen's testimony that Price arranged for Allen to borrow Perry's car to buy the cocaine. Even if we assume that the failure to identify and interview Perry before the trial date constituted deficient performance, Price failed to demonstrate that he suffered prejudice as a result. First, Price was not aware of Allen's allegations about Perry's car until several months after Price pleaded guilty. Thus, even if his lawyer had interviewed Perry before the guilty plea, it was unlikely that the lawyer would discover that she may have had favorable testimony. Second, because the manner in which Allen obtained the cocaine was not an essential aspect of the government's case against Price, Perry's testimony would not have weakened the government's case. Thus, we are not convinced that, but for his

---

[3]The record establishes that Price's lawyer failed to open an email which listed Perry as one of the government's proposed witnesses. When he later interviewed Perry, she stated that she had not had a relationship with Price since 2000 or 2001 and did not know him well enough to loan him a car.

5

counsel's failure to discover Perry's testimony, Price would have insisted on proceeding to trial.  See Hill, 106 S.Ct. at 370.

Price also argues that his lawyer was ineffective for failing to interview Allen's girlfriend, Shandrea Sampson, even though Price had identified her as a potential witness.  He contends that Sampson's alleged testimony that he owed Allen $1,400 explains why he gave Allen a check for that amount just before Allen purchased the cocaine.  Sampson also would have testified that Allen told her that Price drove him to the meeting spot but that Allen did not mention whether Price knew about the cocaine beforehand.  Even if we assume that Price's lawyer was deficient for failing to interview Sampson earlier, Price has not suffered prejudice because Sampson's alleged testimony was either already known to Price or was not exculpatory and, thus, would not have changed his lawyer's recommendation on how to plead.  See id.

Price also argues that he would not have pleaded guilty had he known about the government's limitations on filing section 5K1.1 motions based on third-party assistance.  He contends that, although his counsel confirmed with the government that third-party assistance could be considered, the lawyer failed to ask -- and did not know -- that such a motion would have been available only if the third-party assistance targeted people with whom Price had previous drug involvement.

6

Based on what was known to Price's counsel at the time of the plea, however, we cannot say that his performance fell outside the range of reasonable professional assistance. When he advised Price to plead guilty, Price's lawyer reasonably believed that Price might have been able to qualify for a section 5K1.1 motion based on his own assistance to the government because Price had done so successfully in a prior state court case and had indicated that he still had some leads on people he could gather information on. Also, although Price's lawyer knew that Price's aunt was willing to provide third-party assistance, he did not know the details of the proposed targets or their connection to Price.

Price has also failed to demonstrate that, but for his counsel's failure to advise him of the limitations of the third-party assistance motion, he would have insisted on going to trial. Price faced a statutory mandatory minimum of 20 years' imprisonment and could receive a lesser sentence only if he was acquitted at trial or qualified for a substantial-assistance motion. In the light of the evidence of his guilt -- including his own statements to police and his fingerprint on the bag of cocaine -- it was unlikely that he would have been acquitted. Thus, seeking a substantial-assistance motion was still Price's best option. Moreover, he understood when he pleaded guilty that the government retained complete discretion about whether to file a substantial-assistance motion and that there was

no guarantee that his assistance, third-party or not, would qualify him for a downward departure.

AFFIRMED.