**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**James BUCKLES, a/k/a Jimmy
Buckles, Defendant–Appellant.**

No. 86–7826.

United States Court of Appeals,
Eleventh Circuit.

April 27, 1988.

Robert F. Clark, Clark, Deen & Copeland, Mobile, Ala., for defendant-appellant.

J.B. Sessions, U.S. Atty., E.T. Rolison, Jr., Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.

Before RONEY, Chief Judge, CLARK, Circuit Judge, and MORGAN, Senior Circuit Judge.

MORGAN, Senior Circuit Judge:

James Buckles appeals the district court's denial of his motion to withdraw his plea of guilty to four counts of violations of federal law. The district judge did not abuse his discretion in denying the motion, and, therefore, we affirm.

## I. FACTS

On January 25, 1982, Buckles plead guilty to drug charges brought under 21 U.S.C. Sec. 841(a)(1) and to possession of firearms by a convicted felon in violation of 18 U.S.C. app. Sec. 1202(a)(1). Imposition of sentence was postponed until March 26, 1982. When Buckles failed to appear for sentencing, a warrant for his arrest was issued.

Almost three years later, Buckles was arrested in the Southern District of Georgia. Upon his return to the Southern District of Alabama, Buckles filed a motion

under Fed.R.Crim.P. 32(d) to withdraw his guilty plea. Buckles alleged that he had entered his plea under duress caused by a combination of his appointed counsel's insistence that he plead guilty and his own mental impairment resulting from a physical illness.

An evidentiary hearing was held on the motion on December 16, 1985. At the hearing it was discovered that the verbatim transcript of Buckles' guilty plea had been either misplaced or lost and the tape recording of the plea was essentially incomprehensible due to excessive background noise. Over Buckles' objection, the district court proceeded with the evidentiary hearing. Upon the conclusion of the hearing, the district judge informed the parties that he was going to take the matter under submission and attempt to have the tape recording enhanced so that it would be comprehensible.

After it was advised that the tape recording could not be improved, the district court entered its order and memorandum opinion. The court determined that Buckles neither alleged nor offered any evidence that the court had failed in any way to comply with Fed.R.Crim.P. 11 in accepting Buckles' guilty plea. The court found that Buckles' decision to plead guilty was made prior to the Rule 11 proceeding. The district court rejected Buckles' testimony relative to his counsel's advice and his own physical condition at the time of his guilty plea as lacking in credence. The court concluded that Buckles had not presented any just or fair reason for withdrawing his guilty plea and, therefore, denied his motion.

## II. DISCUSSION

Buckles contends that the district court abused its discretion in denying his motion to withdraw because his guilty plea was not voluntary and the lack of a record of the Rule 11 proceeding requires rever-

sal. Rule 32(d), in pertinent part, states "[i]f a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." This portion of the Rule, concerning pre-sentence motions to withdraw, is to be liberally construed. *United States v. Rasmussen*, 642 F.2d 165, 167 (5th Cir. Unit B 1981).[1] It is well settled, however, that there is no absolute right to withdraw a guilty plea prior to imposition of a sentence. The decision to allow withdrawal is left to the sound discretion of the trial court. *United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir.), *cert. denied sub nom. Perna v. United States*, —— U.S. ——, 107 S.Ct. 93, 93 L.Ed.2d 44 (1986); *United States v. Morrow*, 537 F.2d 120 (5th Cir.1976),[2] *cert. denied sub nom. Brennen v. United States*, 430 U.S. 956, 97 S.Ct. 1602, 51 L.Ed.2d 806 (1977); *United States v. Simmons*, 497 F.2d 177 (5th Cir.), *cert. denied*, 419 U.S. 1048, 95 S.Ct. 623, 42 L.Ed.2d 643 (1974), *reh'g denied*, 420 U.S. 913, 95 S.Ct. 837, 42 L.Ed.2d 844 (1975); *United States v. Arredondo*, 447 F.2d 976 (5th Cir.1971), *cert. denied*, 404 U.S. 1026, 92 S.Ct. 683, 30 L.Ed.2d 676 (1972); *DeLeon v. United States*, 355 F.2d 286 (5th Cir.1966). The district court may be reversed only if its decision is arbitrary or unreasonable. *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 682 (5th Cir.1973); *Delno v. Market St. Rv. Co.*, 124 F.2d 965, 967 (9th Cir.1942).

Under Rule 32(d), the defendant has the burden of showing a "fair and just reason" for withdrawal of his plea. *United States v. Lombardozzi*, 436 F.2d 878, 881 (2d Cir.), *cert. denied*, 402 U.S. 908, 91 S.Ct. 1379, 28 L.Ed.2d 648 (1971). In determining whether the defendant has met this burden, the district court may consider the totality of the circumstances surrounding

---

**1.** In *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir.1982), the Eleventh Circuit declared the decisions issued by Unit B of the former Fifth Circuit to be binding precedent for the circuit.

**2.** In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

the plea. *United States v. Gonzalez–Mercado*, 808 F.2d 796, 798–99 (11th Cir.1987). *See Morrow*, 537 F.2d at 146. Factors analyzed include (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved, *United States v. Pressley*, 602 F.2d 709, 711 (5th Cir.1979); and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea.[3] *See Gonzalez–Mercado*, 808 F.2d at 799 n. 6; *Rasmussen*, 642 F.2d at 168. The good faith, credibility and weight of a defendant's assertions in support of a motion under Rule 32(d) are issues for the trial court to decide. *United States v. Becklean*, 598 F.2d 1122, 1126 (8th Cir.), *cert. denied*, 444 U.S. 864, 100 S.Ct. 135, 62 L.Ed.2d 87 (1979); *Meyer v. United States*, 424 F.2d 1181, 1190 (8th Cir.), *cert. denied*, 400 U.S. 853, 91 S.Ct. 92, 27 L.Ed.2d 91 (1970); *United States v. Washington*, 341 F.2d 277, 281 (3d Cir.), *cert. denied*, 382 U.S. 850, 86 S.Ct. 96, 15 L.Ed.2d 89, *reh'g denied*, 382 U.S. 933, 86 S.Ct. 317, 15 L.Ed. 2d 346 (1965); *United States v. Nigro*, 262 F.2d 783, 787 (3d Cir.1959).

## Assistance of Counsel

At the December 1985 evidentiary hearing, Buckles alleged that despite several futile attempts on his part, he and his appointed counsel, Barber ("Bob") Sherling, had met only once, on the Friday before the Monday morning Rule 11 proceeding. Buckles asserted that at that time Sherling did not discuss Buckles' case except to advise Buckles that unless he plead guilty he would receive the maximum penalty on the basis of numerous incriminating FBI tapes. Buckles contended that when he arrived on the following Monday prepared to go to trial Sherling again told him to plead guilty even though Buckles had averred that he was innocent.

Sherling testified that it was Buckles who had failed to show up for appointments to discuss the case. Sherling maintained that he had recommended Buckles plead guilty only after he had explained the case fully to him, that the discussion had taken place prior to the date of Buckles' Rule 11 proceeding, and that Buckles' decision to plead guilty occurred before the morning of the Rule 11 proceeding.

The district court rejected Buckles' assertion that he had entered his guilty plea under duress from Sherling as lacking in credence. "All pleas of guilty are the result of some pressures or influences on the mind of the defendant." *Schnautz v. Beto*, 416 F.2d 214, 215 (5th Cir.1969). A defendant cannot complain of coercion where his attorney, employing his best professional judgment, recommends that the defendant plead guilty. *See id.; Anderson v. Henderson*, 439 F.2d 711, 712 (5th Cir. 1971); *United States v. Jones*, 392 F.2d 567, 569 (4th Cir.), *cert. denied*, 393 U.S. 882, 89 S.Ct. 186, 21 L.Ed.2d 156 (1968). The district court determined that Buckles had decided to plead guilty prior to the Rule 11 proceeding so that any physical or mental impairment he had at the time of the proceeding did not effect his decision. Furthermore, the court found Buckles' "belated assertion" of innocence to be unconvincing. A mere declaration of innocence does not entitle a defendant to withdraw his guilty plea. *See Government of Virgin Islands v. Berry*, 631 F.2d 214, 220 (3d Cir.1980); *United States v. Barker*, 514 F.2d 208, 220–22 (D.C.Cir.), *cert denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). Guilty pleas would be of little value to the judicial system if a defendant's later conclusory assertion of innocence au-

---

**3.** Prior to the amendments to Rule 32(d), effective August 1, 1983, the circuits were split on the issue of prejudice to the government. One view was that a defendant's presentence motion to withdraw his guilty plea should be granted unless the government could show it would be so prejudiced as to outweigh the defendant's reasons for withdrawal. *United States v. Savage*, 561 F.2d 554 (4th Cir.1977). The other view maintained there was no need to inquire into the matter of prejudice unless the defendant first demonstrated a good reason for being allowed to withdraw his plea, although the court may consider such prejudice in exercising its discretion. *United States v. Saft*, 558 F.2d 1073 (2d Cir.1977). The amended rule adopts the *Saft* position and rejects the position taken in *Savage*. Fed.R.Crim.P. 32, Notes of Advisory Committee on Rules, 1983 Amendments, 18 U.S. C.A. (1976 & Supp.).

tomatically negated his plea. *See id.* at 221.

### Knowing and Voluntary Plea

Buckles contended at the hearing that on the day he had plead guilty he was physically ill and mentally impaired by prescription medicine and thus his plea had not been voluntary. Buckles asserted that he had had a respiratory infection with a high fever and had taken someone else's prescription pain killers and several other medications containing codeine. Buckles testified that he had informed the judge he was taking cough syrup but had said nothing about the pain killers. Buckles contended that he had only a hazy recollection of the rest of the plea hearing and could not remember what else the judge had asked or told him.

■ Buckles now argues that the district court should have allowed him to withdraw his plea because without the Rule 11 hearing transcript to refute his allegations there was no other evidence for the court to consider. Buckles contends that the absence of a verbatim transcript mandates a reversal and an opportunity for Buckles to "plead anew."

When a defendant decides to plead guilty, Fed.R.Crim.P. 11 requires that a colloquy take place between the judge and the defendant, personally, to ensure the plea is intelligently and voluntarily made, and there is a factual basis for the plea. *See United States v. Dayton,* 604 F.2d 931, 935 (5th Cir.1979) (en banc), *cert. denied,* 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980). Rule 11 explicitly directs the district judge not to accept a plea without determining these "core concerns." Therefore, on review we "are warranted in regarding the court's acceptance of the plea as a positive finding on each [component of the Rule].…" *Dayton,* 604 F.2d at 940–41.

A verbatim record must be made of the colloquy between the district judge and the defendant at the time of plea proceedings. Fed.R.Crim.P. 11(g). In the case at bar, a verbatim record was made of the Rule 11 proceeding as attested to by the available tape recording. Buckles contends, however, that because the district court could not produce a transcript of the proceeding, his plea should be automatically thrown out.

In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), where the district judge completely failed to personally inquire whether the defendant understood the nature of the charge, the Supreme Court held that *any* noncompliance with Rule 11 constituted reversible error. At that time, however, Rule 11 was a relatively short and general pronouncement. After Rule 11 was substantially amended and expanded in 1975, the Fifth Circuit sitting en banc determined that not all "fallings off" from Rule 11 require an automatic reversal. *Dayton,* 604 F.2d at 940. Only when one of the "core concerns" of the Rule is not addressed, should the reviewing court disturb the district court's determination. *See id.*

■ In the case at bar, Buckles never alleged nor presented any evidence that the district judge did not comply in full with Rule 11. *See United States v. Coronado,* 554 F.2d 166, 171 (5th Cir.), *cert. denied,* 434 U.S. 870, 98 S.Ct. 214, 54 L.Ed.2d 149 (1977) (defendant did not contend Rule 11 proceeding itself was deficient; district court therefore did not err in accepting plea). Buckles contended little more than that he had not wanted to plead guilty, that he does not remember much of the Rule 11 proceeding, and since the transcript is missing, he should be allowed to plead anew. Mere conclusory allegations do not warrant the withdrawal of a guilty plea. *See Rasmussen,* 642 F.2d at 168–69. This was not a case where the district judge entirely failed to address the core concerns or where the court failed to make a record at the time of the proceeding. As the district judge stated, the inadequacy of the Rule 11 record is due in no small part to Buckles' decision to flee the jurisdiction and remain at large for almost three years. The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal. *See*

*Barker,* 514 F.2d at 222. Buckles did not present any substantial reason to support his motion to withdraw. Moreover, Buckles admitted at the evidentiary hearing that he had plead guilty previously to a crime. Thus, he was not unfamiliar with plea proceedings.

### Judicial Resources

 The district court found that enough judicial resources have been expended in this case. *Cf. United States v. Carr,* 740 F.2d 339, 345–46 (5th Cir.1984), *cert. denied,* 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985) (district judge's assessment of effect on judicial resources to be accorded substantial deference since he "is in the best position to know the effect the withdrawal had on its resources."). Buckles received both a complete Rule 11 proceeding and a full evidentiary hearing on the matter. Buckles' own conduct necessitated expenditure of time and money to effect his recapture and caused a long, inordinate, and inexcusable delay in finalizing this case.

### Prejudice to the Government

 Although a district court need not find prejudice to the government before it can deny a defendant's motion to withdraw, it may take this factor into account when assessing the defendant's motion. *See supra* note 3 and accompanying text; *Rasmussen,* 642 F.2d at 168 n. 6; *Lombardozzi,* 436 F.2d at 881. Due to Buckles' fugitive status from 1982 to 1985, the district court was justified in considering the time, money, and effort the government would have to devote to reassembling witnesses and evidence that were allowed to scatter after the acceptance of the guilty plea.

### III. CONCLUSION

In assessing this case the district judge's findings of fact were not clearly erroneous. He did not abuse his discretion in denying Buckles' motion to withdraw his guilty plea. We, therefore, affirm.