[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-12446
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-14053-CR-2-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILLIP MAURICE THOMAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 12, 2006)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Thomas appeals his conviction for possession with the intent to distribute

cocaine and 3,4-methylenedioxymethamphetamine (ecstasy).  See 21 U.S.C. §

841(a)(1).  Thomas argues that the district court (1) erroneously denied his motion

to suppress evidence found in his home because the warrant was not supported by

probable cause, (2) erroneously denied his motion to withdraw his guilty plea, and

(3) abused its discretion by denying his motion to remove counsel.  We affirm.

## I. BACKGROUND

In August 2005, Detective Aaron Zawistowski met a confidential informant

who said he could purchase drugs from Thomas's apartment located at 1555 14th

Avenue, Apartment 109, Vero Beach, Florida.  On August 7, officers met the

informant, searched the informant for contraband, and provided the informant with

marked currency to purchase drugs from the apartment.  The informant entered the

apartment and emerged about five minutes later with cocaine and ecstasy pills.  On

August 12, the officers conducted a similar procedure, and the informant purchased

a small amount of cocaine.  On both occasions, although the officers did not see

the events in the apartment, the officers heard conversations through an electronic

listening device on the informant.

On August 16, Zawistowski submitted to a Florida judge an affidavit in

support of a warrant to search Thomas's residence.  The warrant was issued.  The

2

next day, detectives executed the warrant and found drugs on Thomas and in his residence.

Thomas was indicted on four counts of possession with the intent to distribute. See 21 U.S.C. § 841(a)(1). On January 11, 2005, the day of the trial, Thomas made two motions. Thomas first moved for new counsel based on his appointed counsel's refusal to file a motion to suppress. Thomas's counsel stated that he refused to file the motion because he determined that there were no grounds to challenge the warrant or the evidence. After it considered the validity of the search warrant and the proffer of evidence by the government, the district court denied Thomas's motion for new counsel as untimely.

Thomas also moved to suppress the evidence of drugs and argued that the warrant was not valid. During a hearing to determine whether probable cause supported the warrant, Zawistowski testified about his meetings with the informant and the investigation that resulted in the warrant application. The district court denied Thomas's motion to suppress.

Thomas then volunteered to enter a guilty plea, but reserved his right to appeal the denial of his motion to suppress. Thomas stated that he had discussed the indictment with his attorney and was competent to plead guilty. Although the court asked Thomas whether his counsel was forcing him to plead guilty, Thomas

3

stated that he was "pleading guilty of [his] own volition." Thomas also acknowledged that his plea would waive his rights to a trial by jury at which the government would have to prove his guilt beyond a reasonable doubt. After the court informed Thomas of the maximum and minimum charges for each count he faced, Thomas stated that he understood the consequences of his plea. The court accepted Thomas's conditional guilty plea.

On February 23, Thomas moved to withdraw his guilty plea. Thomas argued that his counsel was ineffective at the suppression hearing and Zawistowski had made false statements in the search warrant affidavit. The district court considered the factors in United States v. Buckles, 843 F.2d 469, 471 (11th Cir. 1988), and denied Thomas's motion to withdraw his guilty plea because the plea was voluntary and Thomas had failed to show a reason to withdraw his plea.

The court sentenced Thomas to 292 months of imprisonment for the first three counts of the indictment and 190 months of imprisonment for the last count.

## II. STANDARD OF REVIEW

We review de novo whether a warrant affidavit established probable cause. United States v. Jimenez, 224 F.3d 1243, 1248 (11th Cir. 2000). We review findings of fact in a denial of a motion to suppress for clear error and construe those facts in the light most favorable to the prevailing party. United States v.

4

Gordon, 231 F.3d 750, 754 (11th Cir. 2000); Jimenez, 224 F.3d at 1248. The decision to allow a defendant to withdraw his guilty plea is "left to the sound discretion of the trial court," and we reverse only if the denial was "arbitrary or unreasonable." Buckles, 843 F.2d at 471. We review the denial of a motion for new counsel for abuse of discretion. United States v. Calderon, 127 F.3d 1314, 1327 (11th Cir. 1997).

## III. DISCUSSION

Thomas raises three arguments on appeal. Thomas argues that the district court erroneously denied his motions to suppress evidence, withdraw his guilty plea, and appoint new counsel. We discuss each argument in turn.

*A. The District Court Did Not Err by Denying Thomas's Motion to Suppress.*

Thomas argues that the district court erred when it denied his motion to suppress evidence because the affidavit by Zawistowski in support of the search warrant did not establish probable cause. The Fourth Amendment states, "no [w]arrants shall issue, but upon probable cause." U.S. Const. amend. IV. To establish probable cause, "a warrant affidavit must show that there is a fair probability that contraband or evidence of a crime will be found at the particular place to be searched." Jimenez, 224 F.3d at 1247. "[T]he affidavit must establish a connection between the defendant and the residence to be searched and a link

5

between the residence and any criminal activity." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002). A warrant will not issue on an affidavit that is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." Id. at 1313. A defendant has the burden to make a "substantial preliminary showing" to attack the veracity of an affidavit in support of a search warrant. Franks v. Delaware, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676 (1978).

Thomas failed to satisfy his burden. In the affidavit, Zawistowski testified that an informant had told him cocaine and ecstasy could be purchased from an apartment "occupied by or under the control of Phillip Thomas," and the informant's statements were corroborated by two controlled purchases from the apartment that yielded cocaine and ecstasy. Zawistowski's affidavit established a link between Thomas, the apartment to be searched, and the likelihood of illegal drugs in the apartment. Thomas provided no evidentiary support for his argument that Zawistowski made false statements at the suppression hearing. He likewise provides no authority for his assertion that the four days between the second controlled drug purchase and the application of the search warrant reduced the probability of criminal activity in the apartment. The district court did not err when it denied Thomas's motion to suppress.

*B. The District Court Did Not Arbitrarily or Unreasonably Deny Thomas's Motion to Withdraw His Guilty Plea.*

Thomas contends that the district court erred when it denied his motion to withdraw the guilty plea because Thomas did not have effective legal representation. "[T]he defendant has the burden of showing a fair and just reason for withdrawal of his plea." Buckles, 843 F.2d at 471; Fed. R. Crim. P. 32(e). To determine whether the defendant has met his burden, we consider the totality of the circumstances including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." Buckles, 843 F.2d at 471–72.

Thomas has failed to establish a "fair and just reason for withdrawal of his plea." See id. at 471. The district made factual findings for each Buckles factor: (1) Thomas was represented by counsel; (2) at the plea colloquy, Thomas stated that he was "pleading guilty of [his] own volition," was competent to understand the indictment, and acknowledged that he was waiving his rights to a jury trial; (3) to re-select a jury for Thomas's trial would be a waste of judicial resources; and (4) the government would be prejudiced by a withdrawal of the guilty plea because

7

witnesses may not be available. Although the district court informed Thomas that it would consider the Buckles factors, Thomas failed to offer any arguments or evidence to bolster his motion.

Thomas argues that his plea was not voluntary because his counsel led him to believe that he would receive a life sentence if he did not plead guilty, but this argument fails for at least two reasons. First, the court informed Thomas of the mandatory minimum and maximum sentences for each charge he faced. This negated any alleged misinformation Thomas received from his counsel, and Thomas had the opportunity to reconsider his decision before he entered the guilty plea. Second, the record belies Thomas's assertion that his plea was not voluntary. The court specifically asked Thomas if his plea was coerced and informed Thomas of the consequences of his plea. Thomas personally volunteered to plead guilty after his motion to suppress was denied. The denial of Thomas's motion to withdraw the guilty plea was neither arbitrary nor unreasonable.

*C. Thomas Waived His Right to Appeal the Denial of His Motion to Remove Counsel.*

Thomas next argues that the district court abused its discretion when it denied his motion to remove counsel. A defendant who voluntarily enters a conditional guilty plea waives all non-jurisdictional issues other than the specific issue reserved for appeal. See United States v. Cunningham, 161 F.3d 1343, 1344

8

(11th Cir. 1998). Thomas waived his right to appeal the denial of his motion to remove counsel. Because Thomas's plea was voluntary, and he did not reserve the right to appeal the denial of his motion to appoint new counsel, we will not consider his argument that the district court abused its discretion.

## IV. CONCLUSION

Thomas's conviction for possession with the intent to distribute is

**AFFIRMED.**