[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12106
Non-Argument Calendar

_____

D.C. Docket No. 2:10-cr-00005-MEF-WC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CEDRIC WRIGHT,
a.k.a. Cedrick Wright,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(October 25, 2012)

Before BARKETT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

After pleading guilty, Defendant Cedric Wright appeals his convictions and total 240-month sentence for one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of distribution of cocaine and the aiding and abetting of his co-defendant in the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  On appeal, Wright challenges the district court's: (1) denial of his two motions to withdraw his guilty plea; and (2) failure to apply the penalty provisions in 21 U.S.C. § 841(b) as amended by the Fair Sentencing Act of 2010 ("FSA") at sentencing.  After review, we affirm Wright's convictions, but vacate his sentence and remand for resentencing in light of Dorsey v. United States, 567 U.S. ___, 132 S. Ct. 2321 (2012).

## I.  MOTIONS TO WITHDRAW GUILTY PLEA

After the district court has accepted a guilty plea and before sentencing, the defendant may withdraw the guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  In determining whether the defendant has met his burden, the district court may consider the totality of the circumstances surrounding the plea, including "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to

withdraw his plea." United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988) (citation omitted).  The district court decides the good faith, credibility and weight due a defendant's assertions in support of a motion to withdraw his plea.  Id.[1]

Here, the district court did not abuse its discretion in denying Wright's two motions to withdraw his guilty plea.[2]  The plea colloquy conducted by the magistrate judge was thorough, and Wright points to no procedural defect in it.  In addition, Wright does not dispute the district court's finding that Wright had close assistance of counsel in deciding whether to plead guilty, that his decision to do so was voluntary and made without coercion, and that judicial resources would be conserved by denying Wright's motions, three of the four Buckles factors.

Instead, Wright contends that he should have been allowed to withdraw his guilty plea because the government admitted to the district court that it would not suffer any prejudice, the fourth Buckles factor.  However, the district court "need not find prejudice to the government before it can deny a defendant's motion to withdraw."  Buckles, 843 F.2d at 474.

---

[1]We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion.  United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006).  There is no abuse of discretion unless the denial is arbitrary and capricious.  Id.  Further, there is no abuse of discretion if the court conducted extensive Rule 11 inquiries before accepting and entering the guilty plea.  Id.; see Fed. R. Crim. P. 11.

[2]Wright's first motion to withdraw his guilty plea, filed pro se, was withdrawn before the district court could rule upon it and is not part of this appeal.

Moreover, the record reflects that Wright's reasons for wanting to withdraw his plea were not "fair or just."  The basis for Wright's first (counseled) motion to withdraw his guilty plea was that "[u]pon further review of the discovery provided by the government in this case, [Wright] now believes he has a viable defense to the charges against him, and desires a trial by a jury of his peers."  At a hearing on the motion, Wright explained that his counsel had failed to review discovery materials with him and, when Wright later reviewed the discovery materials by himself, he found "a lot of mistakes and lies in it" and became convinced that he had a viable defense.  However, Wright did not dispute that he received all of the government's discovery materials prior to his plea hearing.  In fact, at the plea hearing, Wright admitted that his counsel had delivered copies of the government's discovery to him before the hearing and that he had already looked it over.  Moreover, the magistrate judge adjourned the plea hearing to allow Wright to discuss the discovery materials with his counsel.[3]

The basis for Wright's second (pro se) motion to withdraw his guilty plea was that, at the time of his guilty plea, he did not know his statutory mandatory

---

[3]Specifically, at the plea hearing, Wright told the magistrate judge that he had not reviewed the discovery materials with his counsel, that he had seen things in the discovery materials "that might be a problem with the case" and that he had not yet discussed them with his counsel.  The magistrate judge then took a one-hour recess to allow Wright to confer with his counsel about the discovery materials.  When the hearing reconvened, Wright was prepared to proceed with the plea hearing and in fact pled guilty.

4

minimum penalty or that he was waiving his right to appeal. However, the record belies Wright's claim. First, the plea agreement listed the mandatory minimum prison terms for each count and contained the appeal waiver, and, during the plea colloquy, Wright advised the magistrate judge that he understood the plea agreement. See United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994) ("There is a strong presumption that the statements made during the colloquy are true."). Further, during the plea colloquy, the magistrate judge advised Wright of the statutory mandatory minimum sentence for each count and reviewed the substance of the appeal waiver. In each instance, Wright indicated that he understood.

Under the circumstances, we cannot say the district court abused its discretion in denying either of Wright's motions to withdraw his guilty plea.[4]

## II. FAIR SENTENCING ACT

In January 2010, when Wright was charged, a defendant who was convicted

---

[4]Wright also challenges the district court's denial of his pro se motion to remove his appointed counsel in which he alleged that his attorney had rendered ineffective assistance of counsel. As with his two motions to withdraw, Wright claimed that his attorney wanted him to plead guilty, did not review the government's discovery materials with him before the plea hearing and did not advise him of the mandatory minimum sentences. Because the district court denied Wright's pro se motion as "premature" and did not develop the record with respect to his ineffective assistance allegations, we decline to consider this claim on direct appeal. See United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) ("We will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain the claim nor develop a factual record.").

5

of a 21 U.S.C. § 841(a) offense involving 50 grams or more of crack cocaine and who had two prior felony drug convictions faced a statutory mandatory minimum life sentence. See 21 U.S.C. § 841(b)(1)(A)(iii). On August 3, 2010, before Wright's sentencing had occurred, the FSA went into effect. After the FSA, such a defendant faced a statutory mandatory minimum prison term of only ten years. See 21 U.S.C. § 841(b)(1)(iii).

At sentencing, the district court used the November 2010 Sentencing Guidelines, which reflected the FSA's changes, to calculate Wright's base offense level of 26 and his initial advisory guidelines range of 110 to 137 months imprisonment. However, without any objection from Wright, the district court then applied the old mandatory minimum of life, rather than the new ten-year mandatory minimum in 21 U.S.C. § 841(b), as amended by the FSA.[5] As such, the district court found that Wright's guidelines sentence became life imprisonment, pursuant to U.S.S.G. § 5G1.1(b). The district court then granted the government's substantial assistance motion, pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and imposed 240-month concurrent sentences on each count.

---

[5]Because Wright did not object in the district court, our review is for plain error. See United States v. Turner, 474 F.3d 1265, 1275 (11th Cir. 2007). To meet this standard, Wright must show: (1) error; (2) that is plain; and (3) that affected his substantial rights. If all three conditions are met, we may exercise our discretion to notice the forfeited error if (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings. Id. at 1276.

6

The Supreme Court recently concluded that the FSA's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3." Dorsey, 567 U.S. at ___, 132 S. Ct. at 2326. Therefore, as the government concedes, the district court erred by failing to sentence Williams using the FSA's ten-year mandatory minimum in § 841(b).[6] That error is also plain. See United States v. Rodriguez, 398 F.3d 1291, 1299 (11th Cir. 2005) ("Although the error was not 'plain' at the time of sentencing, 'where the law at the time of trial was settled and clearly contrary to the law at the time of appeal—it is enough that the error be 'plain' at the time of appellate consideration.'" (quoting Johnson v. United States, 520 U.S. 461, 468, 117 S. Ct. 1544, 1549 (1997)).

Moreover, the error affected Wright's substantial rights. See United States v. Bennett, 472 F.3d 825, 831-32 (11th Cir. 2006) (explaining that the defendant shows his substantial rights were affected when "there is a reasonable probability that there would have been a different result had there been no error"). When properly calculated using the post-FSA ten-year mandatory minimum, Wright's advisory guidelines range, pursuant to U.S.S.G. § 5G1.1(c)(2), is 120 to 137

---

[6]We do not address whether the appeal waiver in Wright's plea agreement applies to his FSA claim because on appeal the government did not seek to enforce the appeal waiver with respect to this claim. Instead, the government addressed the FSA claim on the merits.

months, well-below the total 240-month sentence the district court actually imposed after granting a substantial § 5K1.1 downward departure.

For these reasons, we affirm Wright's convictions, but vacate his concurrent 240-month sentences and remand for the limited purpose of resentencing in light of <u>Dorsey</u>.

**AFFIRMED IN PART; VACATED AND REMANDED IN PART.**