[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 11-13776
Non-Argument Calendar

————————————————

D.C. Docket No. 8:10-cr-00535-RAL-TBM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ERNEST BLANCO, JR.,
a.k.a. Chino,
a.k.a. Nestor Blanco,
a.k.a. Anibal Rodriguez,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(December 7, 2012)

Before MARCUS, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ernest Blanco, Jr. appeals the denial of his motion to withdraw his plea of guilty to possession of a firearm by a felon, 18 U.S.C. § 922(g).  Blanco argues that he lacked close assistance of counsel and he did not knowingly and voluntarily plead guilty.  Blanco also argues, for the first time, that the district court violated his constitutional rights to due process and to the assistance of counsel in denying his motion to withdraw his plea.  We affirm.

The district court did not abuse its discretion by denying Blanco's motion to withdraw his guilty plea.  During the plea colloquy, Blanco stated that he had reviewed his case with counsel; he had knowingly and voluntarily entered a written plea agreement with the government; he had not been induced or coerced to plead guilty; he understood the charge against him and the consequences of pleading guilty; and he wanted to plead guilty to the firearm offense.  See United States v. Buckles, 843 F.2d 469, 472–73 (11th Cir. 1988).  Blanco argues about a lack of "time to review matters with counsel," but Blanco twice consulted privately with counsel when he had questions about the enhancement of his sentence and the classification of handguns as firearms, and Blanco declined to consult with counsel a third time before the district court accepted his plea.  Blanco also argues that he had an "antagonistic relationship" with counsel, but Blanco verified that counsel had done everything he had requested and twice verified that he was completely satisfied with his counsel's advice and representation.  Blanco admitted that the

factual statement in his plea agreement described his offense accurately and that the statement was consistent with a video recording that depicted Blanco removing firearms from a chest of drawers, handing those firearms to an undercover agent, and accepting half of the payment for those firearms. Based on the overwhelming evidence against Blanco and the "strong presumption that the statements [he] made during the colloquy are true," United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994), Blanco failed to provide a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B).

Blanco argues that the district court violated his rights, under the Fifth and Sixth Amendments, when it failed to offer him an opportunity to present evidence in support of his motion to withdraw at a hearing on June 10, 2011, but Blanco did not file his motion to withdraw his guilty plea until July 12, 2011. On June 10, 2011, the district court held a hearing on Blanco's pro se motion to dismiss his attorney. At the conclusion of the hearing, the district court granted the motion to dismiss despite finding "baseless" Blanco's allegation that counsel was ineffective for failing to present a defense of innocence.

The district court did not err, much less plainly err, when it denied Blanco's motion to withdraw his guilty plea without affording him another hearing. Blanco moved to withdraw his plea on grounds that counsel was ineffective and "he [was] truly innocent of the charge alleged in the indictment," but Blanco did not request a

3

hearing on the motion.  In the light of the extensive inquiries made during the plea colloquy, the district court was not required sua sponte to hold an evidentiary hearing before denying Blanco's motion to withdraw his plea.  See United States v. Brehm, 442 F.3d 1291, 1298 (11th Cir. 2006); United States v. Stitzer, 785 F.2d 1506, 1514 (11th Cir. 1986).  Blanco is not entitled to relitigate his counsel's performance or the validity of his plea when his arguments are contradicted by statements that he made under oath during the plea colloquy.

We **AFFIRM** Blanco's conviction.