[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15821
Non-Argument Calendar
_____

D.C. Docket No. 2:13-cr-00292-KOB-HGD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT PAUL HOLLMAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 16, 2017)

Before WILSON, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Paul Hollman appeals his conviction of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371. Hollman entered into a plea agreement in which he agreed to serve a sentence of 25 months and to jointly and severally pay $393,440 in restitution. He contends that the district court abused its discretion by denying his subsequent motion to withdraw his guilty plea because he entered into his plea agreement believing that he would share liability for restitution with four co-conspirators, when in fact only one other person was convicted in relation to the conspiracy and that person's liability for restitution was limited. Upon careful review of the record and consideration of the parties' briefs, we affirm.

We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Symington*, 781 F.3d 1308, 1312 (11th Cir. 2015). The denial of such a motion is not an abuse of discretion unless the denial was "arbitrary or unreasonable." *United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (per curiam). A defendant may withdraw a guilty plea after a district court accepts the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The court analyzes factors such as "whether [the defendant had] close assistance of counsel," and "whether the plea was knowing and voluntary." *See United States v.*

2

*Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (per curiam) (quoting *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988)).

First, the record reflects that Hollman had close assistance of counsel.  He met with an attorney numerous times prior to signing the plea agreement, and they discussed the contents and meaning of every paragraph of the plea agreement.  Indeed, Hollman signed a provision in the plea agreement representing that he had discussed the case and his rights with his lawyer and was satisfied with his lawyer's representation.  He reaffirmed this at his plea hearing.

Second, Hollman's plea was knowing and voluntary.  A guilty plea is knowing and voluntary if a defendant enters the plea "without coercion and understands the nature of the charges and the consequences of [the] plea."  *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009).  By signing the plea agreement, Hollman both consented to pay restitution of $393,440 "jointly and severally with any convicted co-defendants" and acknowledged that he had read and understood the provisions of the agreement.  He also signed a rights certification that explained that the district court would require him to pay restitution to the victims of his offense.  During the change of plea hearing, Hollman reaffirmed that he understood the possible penalties for his offense and that he did not have any questions about the plea agreement or sentencing.  Hollman was aware of the restitution liability that he faced as a consequence of

3

pleading guilty and therefore has not shown that his guilty plea was not knowing and voluntary.

Hollman has not shown that there is a fair and just reason for requesting withdrawal of his plea. The district court did not abuse its discretion by denying Hollman's motion to withdraw his guilty plea, and accordingly we affirm.

**AFFIRMED.**