[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14756
Non-Argument Calendar

_____

D.C. Docket No. 4:14-cr-00021-CDL-MSH-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

CARLTON ANDERSON,
a.k.a. Carlton Shamar Anderson,
a.k.a. Carlton Jhamr Anderson,

                                        Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 15, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlton Anderson appeals the denial of his motion to withdraw his guilty plea. Mr. Anderson argues that the district court erred because it failed to evaluate his claim that his counsel rendered ineffective assistance. After careful review, we affirm.

We review a denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (citation omitted). A court abuses its discretion if the denial is arbitrary or unreasonable, *see id.* (citation omitted), or if it applies an incorrect standard. *See United States v. Izquierdo*, 448 F.3d 1269, 1276 (11th Cir. 2006) (citation omitted). A defendant carries the burden to establish that withdrawal of a guilty plea is appropriate. *See id*. (citation omitted).

Our review of the record gives us no basis to reverse. Mr. Anderson simply failed to establish that he raised an ineffective assistance of legal counsel claim in his motion to withdraw his guilty plea. Although Mr. Anderson previously attempted to raise an ineffective assistance of legal counsel claim through a motion to vacate pursuant to 28 U.S.C. § 2255—a motion which the district court denied as premature—Mr. Anderson did not pursue this claim in his subsequent motion to withdraw his plea or at the hearing on that motion. Indeed, the record shows that Mr. Anderson focused his efforts in the motion and at the hearing on attempting to show "a fair and just reason for requesting the withdrawal," Fed. R. Crim. P.

2

11(d)(2)(B), which was the focus of the district court's inquiry to determine whether the plea could be withdrawn.  *See United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988) (outlining relevant factors).

The district court never ruled that it could not consider an ineffectiveness claim in deciding whether to allow the withdrawal of Mr. Anderson's guilty plea. And, as we have explained before, this Court "will not generally consider claims of ineffective assistance of counsel raised on direct appeal where the district court did not entertain nor develop a factual record."  *United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002).

**AFFIRMED**.