[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12611
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00030-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRANCE JEROME CLARKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(May 16, 2018)

Before TJOFLAT, WILSON, and NEWSOM, Circuit Judges.

PER CURIAM:

Terrance Jerome Clarke appeals his conviction for possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). Clarke contends that the district court abused its discretion in denying his motion to withdraw his guilty plea because it failed to give adequate consideration to his testimony, given at a hearing on the motion to withdraw, regarding his ability to understand the proceedings.

We review the denial of a request to withdraw a guilty plea for an abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (per curiam). "There is no abuse of discretion unless the denial is 'arbitrary or unreasonable.'" *Id.*

A defendant may withdraw a plea prior to sentencing if he can show a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 11(d)(2)(B). In determining whether the defendant has shown a fair and just reason for withdrawal, the district court may consider the totality of the circumstances surrounding the plea, including: (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw the plea. *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988).

2

"The good faith, credibility and weight of a defendant's assertions" in support of a motion to withdraw a guilty plea are issues for the trial court to decide, and there is no absolute right to withdraw a guilty plea prior to the imposition of a sentence. *Id.* at 471–72. In addition, there is a strong presumption that the statements made during a plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

In this case, the district court conducted a thorough hearing on Clarke's motion to withdraw his plea. This included a searching review of the transcript of the plea-change hearing; testimony from Clarke himself; and testimony from the U.S. Probation Officer assigned to the case, who was present in court during the plea-change hearing and who interviewed Clarke for approximately thirty minutes thereafter. After review of the transcript of this hearing on Clarke's motion and a review of the transcript of the plea-change hearing, we do not find any error in the district court's denial of the motion to withdraw the guilty plea.

Clarke concedes three of the *Buckles* factors. He disputes only factor (2), whether the plea was knowing and voluntary. He premises his dispute on a change in his prescription medication regimen, alleging that it "influenced his ability to understand what was going on in court and the consequences of his actions on the date he entered his guilty plea." But the district court had ample evidence before it showing that Clarke was competent and unimpaired during the plea-change

3

hearing, including, for example, the probation officer's testimony that Clarke was not impaired and had a normal affect.  It is up to the district court to make credibility determinations, and we find no error in the district court's decision to credit this testimony.  In turn, we find no error in the district court's finding that the plea was knowing and voluntary.  Therefore, the district court did not abuse its discretion in denying Clarke's motion.

   **AFFIRMED.**