[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11853
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00007-ODE-JKL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUINTAVIOUS OBIE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(August 24, 2020)

Before WILSON, NEWSOM, and LUCK, Circuit Judges.

PER CURIAM:

Quintavious Obie appeals his convictions for two counts of sex trafficking and one count of conspiracy to commit witness tampering.  On appeal, he argues that the district court abused its discretion in denying him an evidentiary hearing to consider his pro se motion to withdraw his guilty plea.

"[T]here is no absolute right to withdraw a guilty plea prior to imposition of a sentence."  *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).  Defendants seeking to withdraw a guilty plea before sentencing must show that there is a fair and just reason for doing so.  Fed. R. Crim. P. 11(d)(2)(B).  We review the denial of a request to withdraw a guilty plea for abuse of discretion.  *Buckles*, 843 F.2d at 470.  There is no abuse of discretion in denying a motion to withdraw unless the denial is "arbitrary or unreasonable."  *United States v. Weaver*, 275 F.3d 1320, 1327 n.8 (11th Cir. 2001).

We also review a district court's refusal to hold an evidentiary hearing for abuse of discretion.  *United States v. Stitzer*, 785 F.2d 1506, 1514 (11th Cir. 1986).  When a district court conducts extensive, "careful[,] and detailed" Rule 11 inquiries before accepting the plea, those inquiries weigh heavily against finding an abuse of discretion.  *Stitzer*, 785 F.2d at 1514 & n.4; *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (per curiam).

The district court did not abuse its discretion here.  The court conducted an extensive Rule 11 inquiry, during which it confirmed that Obie committed the

2

crimes alleged, was not under any influence, and knew he was sacrificing certain rights. To be sure, Obie generally alleges that his attorney "pressured him" to accept the plea. But these allegations are vague, and in any event, the district court made sufficient Rule 11 inquiries after the points in which Obie claims that he was pressured. As a result, the court did not abuse its discretion in denying withdrawal, *see Weaver*, 275 F.3d at 1328 n.8, or in denying a hearing. *See Stitzer*, 785 F.2d at 1514 n.4; *Brehm*, 442 F.3d at 1298.

Obie says that *United States v. Norman* compels a different result. *See* 736 F. App'x 223 (11th Cir. 2018) (per curiam). It does not. To start, *Norman* is unpublished and nonbinding. *See* 11th Cir. R. 36-2. And at any rate, the defendant in *Norman* made pointed factual allegations that undermined the voluntariness of his plea: He alleged that his attorney deceived him into accepting the guilty plea to avoid going to trial, a claim that the record did not contradict. *Norman*, 736 F. App'x at 227. What's more, we noted that "typically" Norman's factual allegations would not warrant a finding that the court abused its discretion. *Id.* Norman's case was unique because the district court did not conduct sufficient Rule 11 inquiries after the point in which Norman claimed his attorney pressured him to take the plea. *Id.* In contrast, Obie's case falls into the "typical" line of cases we described in *Norman*: One in which the judge's extensive Rule 11 inquiries assured the voluntariness of the plea.

3

**AFFIRMED.**

4