[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14759
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cr-00030-RBD-PRL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONALD EDWARD SMITH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 23, 2021)

Before WILLIAM PRYOR, Chief Judge, BRANCH and GRANT, Circuit Judges.

PER CURIAM:

Donald Edward Smith appeals his convictions that were entered on pleas of guilty to conspiring to commit wire fraud, 18 U.S.C. § 341, and tax fraud, 26 U.S.C. § 7206(1). Smith challenges the denial of his motion to withdraw his guilty pleas on the grounds that he "felt coerced . . . by counsel and the court," that he was "deprived of close assistance of counsel," and that his pleas were unknowing and involuntary because "he abstained from taking his prescription medications . . . [for his] many illnesses." Because the record of Smith's guilty pleas supports the decision to deny his motion, we affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). We will not reverse unless that decision is "arbitrary or unreasonable." *Id.*

A defendant may withdraw his pleas of guilty before sentencing if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "In determining whether the defendant has met this burden, the district court may consider the totality of the circumstances surrounding the plea." *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988). The district court may consider factors such as whether the defendant enjoyed close assistance of counsel and whether his plea was entered knowingly and voluntarily. *Id.* at 472. The determination of whether to credit or of what weight to give a defendant's assertions in support of a motion to withdraw rest solely with the district court. *Id.*

2

The district court did not abuse its discretion in determining that Smith was not coerced to plead guilty and that he enjoyed the close assistance of counsel. After Smith persuaded his first court-appointed lawyer to withdraw by accusing her of being ineffectual and disloyal and filed a complaint against his second court-appointed lawyer with the state bar, he retained an attorney for the express purpose of negotiating a favorable plea deal. Smith consulted frequently with his retained counsel during the plea negotiations as the date for his trial approached and spent several hours on the day of his change of plea hearing helping revise the factual basis for his plea. He stated in his written plea agreement and during his change of plea hearing that he had not been threatened, forced, intimidated, or coerced to plead guilty, that he was pleading guilty because he was guilty, and that he was completely satisfied with his retained lawyer's representation. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.1994) ("There is a strong presumption that . . . statements [made by a defendant] during [his guilty plea] colloquy are true."). A magistrate judge who accepted Smith's plea also found that he was "alert and intelligent, that [he] underst[ood] the nature of the charges against [him], . . . and that [he]. . . appreciate[d] the consequences of pleading guilty." Smith benefitted considerably by agreeing to plead guilty to a two-count superseding indictment in exchange for the dismissal of his 36-count original indictment. And his second court-appointed and retained lawyers both actively participated in the change of

3

plea hearing. The district court reasonably determined that Smith voluntarily decided to plead guilty with the close assistance of two attorneys.

The district court also did not abuse its discretion in determining that Smith's health did not affect his ability to knowingly and voluntarily plead guilty. Smith participated in plea bargaining, he responded appropriately and intelligently to the numerous questions a magistrate judge asked during a lengthy colloquy that complied with Federal Rule of Criminal Procedure 11(b), and he conferred with retained counsel throughout the change of plea hearing. *See Buckles*, 843 F.2d at 473. After counsel volunteered that he had advised Smith "not to consume medications" for his "variety of medical conditions," counsel verified that foregoing the drugs would "not impair in any way [Smith's] ability to think clearly" or cause any "concerns about [his] competency for today." And when the magistrate judge asked Smith whether he was "clearheaded" and if he "underst[ood] where you are, what's going on, and the importance of these proceedings," he responded, "yes." *See Medlock*, 12 F.3d at 187. The timing of Smith's motion to withdraw his plea came seven months after entering his plea and four days before sentencing, during which he readily admitted his guilt. *See Buckles*, 843 F.2d at 473. Smith testified during an evidentiary hearing that he had been "in severe pain. And instead of being of sound mind, [he was] almost comatose" and unmindful of his words or actions during his change of plea

4

hearing. But the district court was entitled to discredit Smith's testimony as being "in contradiction to . . . [what] occurred during the plea colloquy." *See id.* at 472. Smith failed to provide a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(b)(2)(B).

We **AFFIRM** Smith's convictions.