[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-12241

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

REGINALD JEJUAN HOWELL,
a.k.a. Ant,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cr-00004-TFM-B-1

_____

Before WILLIAM PRYOR, Chief Judge, and WILSON and LUCK, Circuit Judges.

PER CURIAM:

Reginald Howell appeals his convictions following his plea of guilty to conspiring to possess with intent to distribute controlled substances, 21 U.S.C. § 846; brandishing a firearm, 18 U.S.C. § 924(c); and Hobbs Act robbery, *id.* § 1951. Howell challenges the denial of his motion to withdraw his guilty pleas on the grounds that he was "subjected to extreme coercion and duress from his attorney" and was promised a sentence of no more than 15 years of imprisonment and compassionate release after 5 years. He also argues that he was misinformed by his plea agreement that he faced a consecutive maximum sentence of seven years of imprisonment for the firearm offense, which the district court imposed at sentencing, though he faced a maximum sentence of life imprisonment. Because the record of Howell's guilty plea supports the decision to deny his motion, we affirm.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). We will not reverse unless that decision is "arbitrary and unreasonable." *Id.* A defendant may withdraw his pleas of guilty before sentencing if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "In determining whether the defendant has met this burden, the district

court may consider the totality of the circumstances surrounding the plea." *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988). The district court may consider factors such as whether the defendant enjoyed close assistance of counsel and whether his plea was entered knowingly and voluntarily. *Id.* at 472. The determination of whether to credit or of what weight to give a defendant's assertions in support of a motion to withdraw rests solely with the district court. *Id.*

The district court did not abuse its discretion in determining that Howell was not coerced to plead guilty and that he enjoyed the close assistance of counsel. The district court carefully considered Howell's motion to withdraw his guilty pleas, Fed. R. Crim. P. 11(d)(2)(B), and held an evidentiary hearing where Howell and Megan Allgood, the third attorney to represent Howell in these proceedings, testified. The district court reasonably discredited Howell's testimony that Allgood had forced him to plead guilty and credited Allgood's testimony that she and co-counsel Christine Hernandez had prepared extensively for trial, entered plea negotiations only after Howell asked Allgood to inquire about a plea deal, and did not coerce Howell into entering his pleas. The evidence proved that he communicated frequently with Allgood to resolve his 14 criminal charges and that he decided to plead guilty after serious deliberation, including many lengthy discussions with Allgood about the evidence, and with knowledge of the consequences of his decision, including Allgood's warning that he "could face a sentence as high as life" on the firearm offense. That Allgood might have expressed optimism that the district court might

impose a lesser sentence does not affect the voluntariness of his plea. *See Buckles*, 843 F.2d at 472 ("A defendant cannot complain of coercion where his attorney, employing [her] best professional judgment, recommends that the defendant plead guilty."). We presume Howell was being truthful when he stated during his plea colloquy that he was assisted by counsel and that he decided to plead guilty of his own free will because he was in fact guilty. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).

The district court also did not abuse its discretion in determining that Howell entered his guilty pleas knowing the consequences. During a lengthy colloquy, the district court fully complied with Rule 11. The district court also explained that, as for the firearm offense, "the maximum punishment that could be imposed [was] a term of imprisonment of not less than seven years, no more than life, and a quarter million-dollar fine." The district court explained that "any time that [Howell] would receive as to [the firearm offense] would be consecutive to any other sentence that [he] would receive" for the other offenses. Howell confirmed that he understood these penalties. The district court stated that "the point that I'm really trying to make and that I want to make sure that you follow is that I told you what the maximum sentence could be . . . and at this moment no one can tell you exactly where . . . your sentence will actually be." Howell again confirmed that he understood. Although he now argues that his plea was unknowing because the plea agreement erroneously stated that he faced a maximum seven-year sentence on the firearm offense, instead of life, he clearly affirmed during the colloquy that he

22-12241                Opinion of the Court                5

understood that he faced a maximum of life imprisonment for this offense. We presume that his statement expressing his understanding of the maximum sentence during the colloquy is true, and he failed to satisfy the heavy burden of proving otherwise. *See id.* Howell failed to establish a "fair and just reason" for withdrawing his guilty plea. Fed. R. Crim. P. 11(b)(2)(B).

We **AFFIRM** Howell's convictions and sentence.