[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 23-12393

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTHONY SHAWNN EWELL,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cr-60257-WPD-1

————————————————

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Anthony Ewell appeals his conviction following his plea of guilty to possessing child pornography. 18 U.S.C. § 2252(a)(4)(B). Ewell challenges the denial of his motion to withdraw his guilty plea on the grounds that he was deprived of close assistance of counsel and that the district court failed to ensure that his plea was free from coercion. Because the record of Ewell's guilty plea supports the decision to deny his motion, we affirm.

We review the denial of Ewell's motion to withdraw his plea for abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). We will not reverse unless that decision is "arbitrary or unreasonable." *Id.*

A defendant may withdraw his plea of guilty before sentencing if he can "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "In determining whether the defendant has met this burden, the district court may consider the totality of the circumstances surrounding the plea." *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988). It may consider among those circumstances whether the defendant enjoyed close assistance of counsel and whether his plea was entered knowingly and voluntarily. *Id.* at 472. The determination of whether to credit or what weight to give a defendant's assertions in support of a motion to withdraw rests solely with the district court. *Id.*

The district court did not abuse its discretion in finding that Ewell enjoyed the close assistance of counsel and that he was not coerced to plead guilty. Ewell received assistance from two "experienced" federal public defenders, and he confirmed during the plea colloquy that he was satisfied with their advice and that his attorneys had not forced him to enter a plea. The district court granted a three-month continuance for his attorneys to review his case and, after the government produced additional discovery two weeks before the plea hearing, his attorneys confirmed that they reviewed the discovery, including the forensic report on Ewell's computer and storage devices. During the plea hearing, the district court recessed for over a half hour to allow Ewell to confer with his attorneys about the new discovery and any concerns he might have, and Ewell later confirmed several times that he did not need more time to think about his decision or to speak with his attorneys. *See United States v. Medlock*, 12 F.3d 185, 187 (11th Cir.1994) ("There is a strong presumption that . . . statements [made by a defendant] during [his guilty plea] colloquy are true."). Ewell also denied feeling "forced into making a decision" and affirmed more than once that he understood that he was not required to follow his attorneys' advice, that he could proceed to trial instead of pleading guilty, and that by pleading guilty he might risk denying his attorneys "a chance to finish any investigation that they may have otherwise wanted to have conducted." *See id.*

The district court also did not abuse its discretion in finding that Ewell entered his plea knowingly and voluntarily. Ewell responded appropriately and intelligently to several questions about

his understanding of the charge, the consequences of pleading guilty, and the maximum penalties. The district court confirmed that he understood the rights that he was waiving by pleading guilty and that he did not need more time to discuss his case with his attorneys or to think about his decision. Ewell confirmed that he was not threatened or forced to plead guilty, he was pleading guilty freely and voluntarily, and he understood that he could not withdraw his plea later because he "made a mistake" or because his "lawyer was no good." And Ewell explained at the plea hearing that although the "stress of the case" was bothering him and the question about his mental health "raised some feelings," he still was "ready to make [the decision to plead]." *See id.* In the light of Ewell's repeated and unequivocal statements, the district court was entitled to find that he voluntarily decided to plead guilty with the close assistance of two attorneys. *Buckles*, 843 F.2d at 472.

We **AFFIRM** Ewell's conviction.