[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12257
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cr-60278-JIC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL CLARENCE SOLARTE,
a.k.a. Bobby,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 11, 2016)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Michael Clarence Solarte appeals his conviction pursuant to a guilty plea for one count of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. On appeal, Solarte argues that the district court abused its discretion in denying his motion to withdraw his guilty plea because he felt compelled to plead guilty by his attorney. Solarte contends that his attorney presented the plea agreement as a take-it-or-leave-it proposition, which left him little time to reflect. Solarte also argues that his attorney's failure to investigate an entrapment defense added to the pressure to plead guilty.

After reviewing the record and the parties' briefs, we find that the district court did not abuse its discretion when it concluded that Solarte failed to show there was a fair and just reason for granting his motion. We agree with the district court's findings that Solarte was adequately represented by counsel and that his plea was knowing and voluntary. Accordingly, we affirm.

## I.

We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006) (per curiam). The district court does not abuse its discretion unless its denial is "arbitrary or unreasonable." *Id.* (internal quotation marks omitted). A defendant seeking to withdraw a guilty plea after its acceptance but prior to sentencing must show that there is a "fair and just reason for requesting the withdrawal." Fed. R.

2

Crim. P. 11(d)(2)(B).  We liberally construe the requirement of a fair and just reason for a defendant's pre-sentence motion to withdraw, but "there is no absolute right to withdraw a guilty plea" prior to sentencing.  *United States v. Buckles*, 843 F.2d 469, 471 (11th Cir. 1988).  Instead, "[t]he decision to allow withdrawal is left to the sound discretion of the trial court."  *Id.*

In determining whether a defendant has met his burden to show a "fair and just reason" to withdraw a guilty plea, a district court may consider the totality of the circumstances, including: (1) availability of the close assistance of counsel; (2) knowing and voluntary plea; (3) conservation of judicial resources; and (4) potential for prejudice to the government upon withdrawal of the plea.  *Id.* at 471–72.  If an appellant does not satisfy the first two factors of this analysis, we need not thoroughly analyze the remaining factors.  *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987) (affirming a district court's denial of a motion to withdraw a guilty plea based on the first two factors, but declining to give "considerable weight" to the third factor or "particular attention" to the possibility of prejudice to the government).

## II.

Here, the district court did not abuse its discretion by denying Solarte's motion to withdraw his guilty plea.  The record supports that Solarte's plea was given knowingly and voluntarily and that he received the close assistance of

3

counsel throughout the proceedings.  *See id.*  The court conducted a thorough plea hearing, during which Solarte testified that he was competent, aware of the charges, and aware of the consequences of his guilty plea.  Solarte also testified that his plea was not coerced or forced.  Further, the district court confirmed that Solarte had received a copy of the indictment and discussed the charges and case in general with his attorney, and that he was satisfied with the representation and advice given to him by his attorney.

The court also inquired what steps the attorney had taken to familiarize Solarte with the charges and penalties pending against him.  Solarte's attorney indicated that he and Solarte met during several conferences, discussed the case the government had against him, and discussed any defenses that he might have.  Solarte concurred with his attorney's statements.  Thus, the testimony at the plea colloquy supports that the plea was knowingly and voluntarily given, and that counsel conferred with Solarte, explained the pitfalls of the entrapment defense, and proceeded in a manner in which he had agreed.

Additionally, after holding a hearing on Solarte's motion to withdraw the plea, the district court properly gave deference to Solarte's prior sworn testimony. Statements made under oath by a defendant during a plea colloquy receive a strong presumption of truthfulness.  *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994).  Consequently, Solarte "bears a heavy burden" to show that his statements

4

made under oath at his plea colloquy were false. *See United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (per curiam). He has not carried that burden here.

Although Solarte attempts to argue that the plea agreement was presented as a take-it-or-leave-it proposition from his attorney, the "good faith, credibility and weight of a defendant's assertions in support of a motion to withdraw a guilty plea are issues for the trial court to decide." *See Brehm*, 442 F.3d at 1298 (internal quotation marks omitted). Solarte's attorney testified that he had reviewed the merits of the entrapment defense, the plea agreement, and the factual proffer with Solarte, and that Solarte had confirmed his understanding and was not coerced or forced to sign either document. Given that the testimony from Solarte at the hearing on the motion to withdraw conflicted with his previous testimony at the plea colloquy as well as his attorney's testimony, it was well within the discretion of the district court to discount Solarte's hearing testimony.

Thus, Solarte was adequately assisted by counsel during the proceedings, and, as the district court reasonably found, Solarte's statements at the plea colloquy demonstrate that he was competent, aware of the charges, and aware of the consequences of his guilty plea. *See Buckles*, 843 F.2d at 471–72.

**III.**

The district court did not abuse its discretion when it concluded Solarte failed to show there were fair and just reasons for the court to allow him to

withdraw his guilty plea.  *See* Fed. R. Crim. P. 11(d)(2)(B); *Brehm*, 442 F.3d

at 1298–99.  Therefore, we affirm.

**AFFIRMED**