[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11061

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

CHRISTOPHER LANE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 1:19-cr-00388-LCB-GMB-10

_____

Before ROSENBAUM, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Christopher Lane appeals the denial of a motion to withdraw his guilty plea. Lane argues that the district court abused its discretion in concluding that he failed to provide a fair and just reason for withdrawing the plea. After careful review, we find no abuse of discretion and affirm.

## I.

Lane and 11 others were charged with various drug possession and distribution offenses; Lane was specifically charged with one count of conspiring to distribute 500 grams or more of methamphetamine and two counts of possessing with the intent to distribute 500 grams or more of methamphetamine.

Lane's family retained attorney Roderick Walls on Lane's behalf. Walls met with Lane between six and eight times while Lane awaited trial in jail. At some point before September 21, 2021, Lane decided to plead guilty to the charges against him.

Walls met with Lane to discuss the plea on a Sunday evening. The next Tuesday, September 21, 2021, Lane entered a plea of guilty before the court.[1]

---

[1] Lane consented to entering his plea before a magistrate judge.

Before the change-of-plea hearing, Lane signed and initialed a document entitled "Guilty Plea Advice of Rights Certification." This document explained, among other things, that at the plea hearing, Lane would be placed under oath and asked a number of questions, including whether his plea was voluntary, whether he had any complaints about his attorney, whether he had enough time to discuss the contents of the plea agreement with his attorney, and whether he had enough time to discuss the case with his attorney. Lane certified that his attorney had explained each of these matters in detail to him and that he was "satisfied with the representation [his] attorney has provided" and had "no complaints about any aspect of [the attorney's] . . . representation." Doc. 441 at 5.[2]

At the plea hearing, Lane agreed under oath that he would ask questions if there was anything he did not understand during the plea colloquy. The colloquy was rigorous and complete. Lane testified that he thoroughly and fully reviewed the charges and the government's case against him. He testified that he carefully read and discussed the plea agreement with Walls and that he understood all aspects of the agreement. Lane averred that he was satisfied with his attorney's advice and representation. He also confirmed that no one forced, threatened, or coerced him into pleading guilty. Lane swore that he was entering the plea volun-

---

[2] "Doc." numbers refer to the district court's docket entries in this case.

tarily, of his own free will, and for no other reason than that he was guilty of the crimes. He also signed and initialed every page of the plea agreement. The court, satisfied that Lane entered his plea knowingly and voluntarily, accepted the plea.

After the plea but before Lane's sentencing hearing, a probation officer prepared a presentencing investigation report ("PSI"). The PSI found that Lane qualified for a career offender enhancement. According to the PSI, Lane's total offense level was 34 and his criminal history category was VI, which yielded a Sentencing Guidelines range of 262 to 327 months' imprisonment.

After the probation officer prepared the PSI, Walls and Lane met to discuss the PSI. The next day, Lane filed a *pro se* motion accusing Walls of ineffective assistance of counsel and requesting a court-appointed attorney. The court held a hearing to consider Lane's request. Lane told the court that Walls had never shown him any of the discovery in his case and that he and Walls were not communicating well. Walls denied the allegations. The court allowed Walls to withdraw as counsel and appointed attorney Donald Colee in his stead.

On January 30, 2022, Lane filed a *pro se* motion to withdraw his plea. Colee later filed an amended motion on his client's behalf. In an affidavit filed in support of the amended motion, Lane reiterated that Walls had never shown him any type of discovery. He also asserted that he and Walls never reviewed the plea agreement or the Guilty Plea Advice of Rights Certification.

22-11061                Opinion of the Court                5

Lane contended that Walls did not show Lane the plea agreement until the morning of the plea hearing.

The district court heard testimony from Lane on his motion to withdraw his plea. In addition to renewing his allegations of Walls's deficient performance, Lane explained that he only agreed to the plea and responded to the court's questions during the plea colloquy in the manner he did because he did not "know anything about the law" and "was scared." Doc. 544 at 24. The district court found that Lane's testimony was contradicted by his earlier sworn testimony during the plea hearing. The court concluded that Lane's testimony in support of his motion to withdraw his plea was not credible and Lane had not shown a fair and just reason for withdrawing his plea. The district court denied Lane's motion to withdraw his plea.

After ruling on Lane's motion to withdraw his plea, the district court sentenced Lane to 215 months' imprisonment.

Lane timely appealed to this Court.

II.

We review a district court's denial of a request to withdraw a plea for abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). No abuse of discretion exists unless the denial was "'arbitrary or unreasonable.'" *Id.* (quoting *United States v. Weaver*, 275 F.3d 1320, 1328 n.8 (11th Cir. 2001)).

### III.

When a defendant, before sentencing, moves to withdraw his plea, a district court may permit the withdrawal "upon a showing by the defendant of any fair and just reason." FED. R. CRIM. P. 11(d)(2)(b). In determining whether a defendant has shown a "fair and just reason" for withdrawing his plea, we consider the totality of the circumstances surrounding the plea. *United States v. Buckles*, 843 F.2d 469, 471–72 (11th Cir. 1988) (internal quotation marks omitted). The factors we examine include: "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (citation omitted). We may also consider the timing of the request to withdraw; "[t]he longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Id.* at 473.

When a defendant received close and adequate assistance of counsel and entered his plea knowingly and voluntarily, the district court need not give considerable weight or attention to the remaining two *Buckles* factors: conservation of judicial resources and prejudice to the government. *United States v. Gonzales-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

Additionally, statements made by a defendant under oath during a plea colloquy receive a strong presumption of truthful-

ness. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). We leave determining "[t]he good faith, credibility[,] and weight of a defendant's assertions in support of a motion" to withdraw to the district court. *Buckles*, 843 F.2d at 472.

Here, the district court concluded that Lane did not show a fair and just reason for withdrawal. After careful review, we conclude that the record supports this conclusion. The district court did not abuse its discretion in denying Lane's motion to withdraw his plea.

First, the district court found that Lane received close and adequate assistance of counsel. Lane disagrees with this conclusion, arguing that he did not receive close or adequate assistance of counsel from Walls. Although Walls visited Lane in jail at least six times, Lane asserts that Walls never reviewed with Lane the evidence against him. Lane also maintains that Walls did not show him the plea agreement until the day of the change-of-plea hearing.

But other evidence in the record shows that Lane received close assistance of counsel. During the plea colloquy, Lane testified that he had the opportunity to "fully and thoroughly" discuss the charges, the government's case against him, and the plea agreement. Doc. 524 at 8. He also testified that he had carefully read and reviewed the plea with Walls and was satisfied with Walls' advice and representation. Furthermore, Walls testified that he brought Lane discovery to review when he visited Lane in

jail. Walls also told the court that he had discussed the plea with Lane two days earlier.

The district court found Lane's assertions in support of his motion to withdraw not credible, noting that they contradicted Lane's "clear and unequivocal answers during the change of plea colloquy." Doc. 525 at 4. It was within the purview of the district court to make such a credibility determination. *See Buckles*, 843 F.2d at 472. The district court's finding also was consistent with the strong presumption of truthfulness we afford statements made under oath during a plea colloquy. *See Medlock*, 12 F.3d at 187. The district court did not err in concluding that Lane received close and adequate assistance of counsel.

Second, the district court found that Lane entered his plea knowingly and voluntarily. Lane challenges this finding as well. He asserts that he went forward with the plea only because he did not "know anything about the law" and "was scared." Doc. 544 at 24.

But again, other evidence in the record refutes Lane's assertions. As we explained above, Lane confirmed at the plea colloquy that he had reviewed the terms of the plea agreement and entered into it voluntarily and of his own free will. On this record, we cannot say that the district court erred in concluding that Lane entered his plea knowingly and voluntarily. *See Buckles*, 843 F.2d at 472; *Medlock*, 12 F.3d at 187.

The timing of Lane's motion to withdraw also deserves our consideration. "A swift change of heart is itself strong indication that the plea was entered in haste and confusion." *Gonzales-Mercado*, 808 F.2d at 801 (internal quotation marks omitted). But a delayed filing may indicate that a defendant has other motivations for withdrawing his plea. Lane filed his motion to withdraw several months after entering his plea. Furthermore, Lane filed the motion to withdraw his plea only after seeing his PSI and calculated guidelines sentencing range. This timing suggests that Lane may have sought to withdraw his plea because he was dissatisfied with his sentencing range calculation. *See id.* ("[T]he fact that the appellant's motion to withdraw fell on the heels of imposition of stricter sentences than those recommended in the plea agreement . . . suggests that the appellant withdrew his plea in anticipation of a harsher sanction than that recommended in his plea agreement.").

Because Lane had close and adequate assistance of counsel and entered his plea knowingly and voluntarily, we need not consider whether judicial resources would be conserved or the government would be prejudiced by allowing Lane to withdraw his plea. *See id.*

After reviewing the totality of the circumstances, we conclude that the district court did not abuse its discretion in denying Lane's motion to withdraw his plea.

IV.

10                    Opinion of the Court                    22-11061

For the reasons set forth above, the district court's judgment is

**AFFIRMED.**