[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13794

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JERRY MICHAEL BEASLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 7:21-cr-00043-LSC-JHE-1

_____

Before BRASHER, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Jerry Beasley appeals his conviction for possession of meth-amphetamine with intent to distribute, challenging the district court's denial of his motion to withdraw his guilty plea. Beasley argues that the district court abused its discretion in denying his motion because his counsel coerced him into pleading guilty by failing to provide him with all of the discovery in his case, only providing the discovery photographs in black and white, and telling him to plead guilty because he did not have a defense.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Brehm*, 442 F.3d 1291, 1298 (11th Cir. 2006). An abuse of discretion only occurs if the denial was "arbitrary or unreasonable." *Id.* (quoting *United States v. Weaver*, 275 F.3d 1320, 1327 n.8 (11th Cir. 2001)).

A defendant may withdraw a guilty plea after the court accepts it but before it imposes a sentence if he "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "In determining whether the defendant has met this burden, the district court may consider the totality of the circumstances surrounding the plea." *United States v. Buckles*, 843 F.2d 469, 471-72 (11th Cir. 1988). The factors a court should consider "include (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the

government would be prejudiced if the defendant were allowed to withdraw his plea." *Id.* at 472 (citation omitted). "The good faith, credibility and weight of a defendant's assertions . . . are issues for the trial court to decide." *Id.* "[A] district court need not find prejudice to the government before it can deny a defendant's motion to withdraw, [but] it may take this factor into account when assessing the defendant's motion." *Id.* at 474. We have previously concluded that, where factors one and two strongly lean against the appellant, we need not give considerable weight or attention to factors three and four. *See United States v. Gonzalez-Mercado*, 808 F.2d 796, 801 (11th Cir. 1987).

"A guilty plea is knowingly and voluntarily made if the defendant enters his plea without coercion and understands the nature of the charges and the consequences of his plea." *United States v. Brown*, 586 F.3d 1342, 1346 (11th Cir. 2009). District courts must follow the procedures set out in Fed. R. Crim. P. 11(b) when accepting guilty pleas, which include advising the defendant of the rights that they are waiving and the consequences of their plea, questioning them to make sure that they understand those rights and consequences, ensuring that the plea is voluntary and did not result from coercion, and determining that there is a factual basis for the plea. Fed. R. Crim. P. 11(b); *see also United States v. Presendieu*, 880 F.3d 1228, 1238 (11th Cir. 2018). "These procedures are designed to address the three 'core objectives' necessary for a knowing and voluntary guilty plea: (1) that the defendant enters his plea free from coercion, (2) that he understands the nature of the charges,

and (3) that he understands the consequences of his plea." *Presendieu*, 880 F.3d at 1238.

"There is a strong presumption that the statements made during [a plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). For that reason, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

The timing of the motion to withdraw the plea is also an important consideration. *Gonzalez-Mercado*, 808 F.2d at 801. "The longer the delay between the entry of the plea and the motion to withdraw it, the more substantial the reasons must be as to why the defendant seeks withdrawal." *Buckles*, 843 F.2d at 473.

Here, the district court did not abuse its discretion in denying Beasley's motion to withdraw his guilty plea. *See Brehm*, 442 F.3d at 1298. First, its finding that Beasley had close assistance of counsel was proper. It was within its discretion to find credible Beasley's attorney's testimony at the withdrawal hearing and therefore find that the attorney had given Beasley all of the discovery, had discussed the case and the consequences of pleading guilty with him, had prepared to go to trial when Beasley at first did not want to plead guilty, had not given him incorrect advice that he could freely withdraw his plea before sentencing, and had reviewed the plea agreement with him. Although Beasley contested many of these assertions, the court was allowed to find his testimony not to be credible. *Buckles*, 843 F.2d at 472.

The court was further able to rely on Beasley's statements at the plea hearing, which are afforded a strong presumption of truth. *Medlock*, 12 F.3d at 187. Even if Beasley was equivocal about attorney Neff's performance in the case at that time, he ultimately affirmed that Neff had "done okay" and explained the case to him without bringing up any of the specific grievances that he later asserted against him. Specifically concerning the claim that Neff told him that he could withdraw his plea, Beasley even stated at the first withdrawal hearing that he thought he could freely withdraw his plea and that nobody had told him that he was able to do so. That inconsistency with his later assertion was enough to justify the court's finding that Neff's testimony was more credible than Beasley's.

The only consistent fact between Neff's and Beasley's testimonies was that Neff only provided Beasley with black-and-white photographs. However, the court noted that the defense that Officer Stanton cropped the photo and fabricated the trash pull evidence was not unavailable to Beasley before his plea hearing because the details that he claimed supported that argument could be identified in both the black-and-white and color versions of the pickup-truck photo. This was further supported by Neff's testimony that Beasley pointed out this argument to him using the black-and-white photo. He further did not think that it would have aided in Beasley's defense anyway, which the court agreed with when it found that the result of the hearing would have been the same even if Beasley had access to the color photo. Thus, on the totality of the circumstances, there is enough evidence on the

record to support the court's finding that Neff provided Beasley with sufficiently close assistance.

Regarding the second factor, the district court did not abuse its discretion in relying on Beasley's statements at the plea hearing in finding that his guilty plea was knowing and voluntary, given the strong presumption of truth afforded to such statements. *Medlock*, 12 F.3d at 187. Beasley's admissions at the plea hearing that he understood the charges against him, the conditions of the plea agreement, and the consequences of the plea agreement, and that he was not being coerced into pleading guilty all support the court's finding. Fed. R. Crim. P. 11(b); *Presendieu*, 880 F.3d at 1238. Beasley does not cite to any specific, credible facts that would undermine the strong presumption of truth underlying his statements at the plea hearing. His statement that Neff coerced him into pleading guilty by telling him that he did not have a defense is contradicted by Neff's testimony, which the court found more credible than Beasley's.

All of these facts support the court's finding that Beasley likely wanted to withdraw his guilty plea not because he was coerced into pleading guilty "but because he [was] fac[ing] extensive time in prison." Beasley even stated to the court at the first withdrawal hearing that he pled guilty to buy himself more time before pleading not guilty as a means of delaying his case. The voluntariness of Beasley's plea was also supported by the length of time between the court's acceptance of the plea and his motion to withdraw it, approximately two-and-one-half months. As the district

court found, the fact that the motion to withdraw was so close in time to the calculation of Beasley's guideline range suggests that, like in *Gonzalez-Mercado*, he "withdrew his plea in anticipation of a harsher sanction" than he expected. 808 F.2d at 801. Based on the totality of the circumstances, there are enough facts on the record to support the court's finding that Beasley's guilty plea was knowing and voluntary.

The court did not directly discuss factors three or four, but it did not need to discuss either based on its findings with respect to factors one and two. *See Buckles*, 843 F.2d at 474. Even so, neither factor suggests that the district court abused its discretion in denying Beasley's motion. Many resources were expended on Beasley's case, including a suppression hearing, two change of plea hearings, and two hearings addressing his pro se motions. If the court allowed Beasley to withdraw his plea, many more resources would then be expended, including a jury trial. Regarding factor four, the government would be prejudiced if the court allowed Beasley to withdraw his plea because it would be required to collect and reinterview witnesses, regather evidence, and prepare for trial after already having gone through the plea process. Regardless, to deny Beasley's motion, the district court did not need to find that the government would have been prejudiced if it allowed him to withdraw the plea. *Buckles*, 843 F.2d at 474.

In sum, because Beasley had available the close assistance of effective counsel and pled guilty knowingly and voluntarily, the district court did not abuse its discretion in denying his motion to

withdraw his plea under Fed. R. Crim. P. 11(d)(2)(B). *See id.* 843 F.2d at 471-72.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**